CITY OF GAHANNA, APPELLEE, *v.* PARTLOW, APPELLANT.

(No. 85AP-196—Decided
September 10, 1985.)

*Hall, Riddell & Weber* and *Peter H. Riddell,* for appellee.

*John A. Connor II Co., L.P.A.,* and *John A. Connor II,* for appellant.

WHITESIDE, J. This is an appeal from a judgment of the Franklin County Municipal Court entered on February 22, 1985, wherein the trial court overruled defendant-appellant's motion to dismiss and, following her entering a plea of no contest, found her guilty of operating a motor vehicle while under the influence of alcohol, in violation of Gahanna City Ordinance 333.01(a), a misdemeanor of the first degree.

Appellant's assignment of error is:

"The Franklin County Municipal Court erred in overruling the defendant's motion to dismiss for failure to try the defendant within ninety days from the date of her arrest according to the provisions of § 2945.71 of the Revised Code."

The threshold issue in this case is whether the time limit for a speedy trial set forth in R.C. 2945.71 begins to run on the date of the accused's arrest, or on the date the case, certified from a mayor's court, is docketed in the Franklin County Municipal Court.

In its brief herein, plaintiff concedes that the parties to this action stipulated the following facts in the trial court:

"1. Defendant was arrested and taken into custody on October 19, 1984, in the city of Gahanna.

"2. Defendant was charged with operating a motor vehicle under the influence of alcohol, and or drugs, a First Degree Misdemeanor. Defendant was also charged with the two other offenses not before this court in this proceeding.

"3. Defendant was released from custody on October 20, 1984, and ordered to appear on October 25, 1984 at 9:00 a.m., in the Gahanna Mayor's Court.

"4. On October 25, 1984, defendant demanded a jury trial by filing with that court a standard jury request form specifically noting that time was not waived.

"5. On November 29, 1984, the case was certified to the Franklin County Municipal Court and docketed.

"6. On November 29, 1984, defendant submitted another jury trial request form, again specifically noting that time was not waived.

"7. The case was ultimately set for jury trial on January 29, 1985. (61 days from date of docketing in the Franklin County Municipal Court; 102 days from date of arrest.)

"8. Defendant appeared with counsel on January 29, 1985, and raised the issue of speedy trial by submitting a motion to dismiss with a supporting memorandum. Defendant then entered a no contest plea to case Number 8411-TFC-181681, specifically preserving the right to appeal an adverse order of this [the trial] court on defendant's motion to dismiss."

On February 22, 1985, the trial court overruled defendant's motion to dismiss, found the defendant guilty of operating a motor vehicle while intoxicated (stipulated as a first offense), imposed sentence and stayed all further proceedings pending the outcome of this appeal.

Similar issues have been before this court on prior occasions. In the first

case, *Westerville* v. *Williams* (App. 1975), 1 O.O. 3d 412, involving an appeal from a conviction in a mayor's court rather than a case certified for jury trial, this court stated, at 413:

"* * * [T]he case is pending in a court of record when the appeal is docketed upon receipt of the papers required by R.C. § 1905.24. * * *

"* * * Therefore, we hold that the time provisions contained within R.C. § 2945.71 apply as to the time the record is certified from the mayor's court to the municipal court and the appeal is docketed."

In *Columbus* v. *Reed* (Dec. 28, 1976), Franklin App. No. 76AP-450, unreported, which presented similar issues to this case in that it was transferred from the mayor's court to the Franklin County Municipal Court for a trial by jury, this court stated, at pages 3-4:

"* * * We find that the time provisions are the same and that time begins to run as of the time the record is certified from the mayor's court to the municipal court and the case is docketed. * * *"

See, also, *Dublin* v. *Hormann* (Mar. 26, 1981), Franklin App. Nos. 80AP-412-414, unreported; and *Upper Arlington* v. *Murphy* (July 21, 1983), Franklin App. No. 82AP-788, unreported.

Defendant was arrested on October 19, 1984, and appeared in the Gahanna Mayor's Court on October 25, 1984, at which time she demanded a jury trial, necessitating transfer of the case to the Franklin County Municipal Court. The case was finally docketed in the Franklin County Municipal Court on November 29, 1984. There is no explanation in the record of any reason for the delay from October 25 to November 29, 1984, for transfer of the case to the municipal court. However, the record does include a check stub of the Gahanna Mayor's Court dated October 29, 1984, indicating that a check in the amount of $148 was issued, representing the bond that defendant posted in that case, sug-

gesting the case may have been certified on that date.

Defendant was not brought to trial in the municipal court until January 29, 1985. The record does reflect some continuances being granted in December 1984, but the trial court expressly found that these continuances were not at the request of defendant but did not determine whether they were reasonable continuances otherwise granted. The first continuance apparently was from December 11 to December 26, 1984, and the second continuance from December 26, 1984 to January 29, 1985. Had the trial court, pursuant to R.C. 2945.72(H), found either continuance to have been a "reasonable continuance granted other than upon the accused's own motion," neither that court nor this court would be required to address the issue presented by this appeal since defendant would have been brought to trial within the prescribed time as extended by either of those continuances, even if computed from the date of arrest.

Disregarding the continuances, however, defendant was not brought to trial within the statutorily prescribed time. R.C. 2945.71(A) provides that: "A person against whom a charge is pending in a court not of record * * * shall be brought to trial within thirty days after his arrest or the service of summons." Accordingly, a person must be brought to trial in a mayor's court within thirty days of his arrest. On the other hand, R.C. 2945.71(B) provides that:

"A person against whom a charge of misdemeanor * * * is pending in a court of record, shall be brought to trial:

"* * *

"(2) Within ninety days after his arrest or the service of summons * * *."

Not only is a mayor's court not a court of record, such court has no jurisdiction to try jury cases, and R.C. 2937.08 provides that, if the defendant does not waive the right to a jury trial, the mayor's court "shall require the accused to enter into recognizance to ap-

pear before [a] court of record in the county, set by such magistrate, and the magistrate shall thereupon certify all papers filed, together with [the] transcript of proceedings and accrued costs to date, and such recognizance if given, to such designated court of record. * * *'' This is what occurred in this case, but, for unexplained reasons, the case was not docketed in the municipal court until November 29, 1984, even though the certification presumably should have been on October 25, 1984, there being no indication of any reason for the mayor's court to delay certification. Additionally, R.C. 2938.03 requires that a criminal case, which "has been certified by another magistrate," shall be set for trial, "at a date not later than thirty days from * * * receipt of transcript * * *." Such requirement, however, does not statutorily mandate dismissal of the charges for noncompliance.

On the other hand, R.C. 2945.73(B) requires discharge of a defendant if he is not brought to trial within the time required by R.C. 2945.71 and 2945.72. Although in this case and other cases the focus has been upon the date of commencement of the prescribed time in cases certified to a municipal court by a mayor's court because of a jury demand, as a practical matter, it should make little difference as to whether the prescribed time commences with the arrest, or with the certification, when R.C. 2945.72 is taken into account, for R.C. 2945.72(E) extends the prescribed time by "[a]ny period of delay necessitated by reason of a * * * motion, proceeding, or action made or instituted by the accused." Additionally, R.C. 2945.72(F) provides that the prescribed time shall be extended by "[a]ny period of delay necessitated by a removal or change of venue pursuant to law."

Insistence upon a jury trial, causing certification of the case from a mayor's court to a municipal court, necessarily involves some delay in the trial of the case. Although it is arguable that R.C. 2945.72(E) does not directly apply since a refusal to waive a jury trial as contemplated by R.C. 2937.08 involves inaction, rather than action, by the accused, there is no reason for nonapplication of R.C. 2945.72(F). As held in *Oakwood* v. *Ferrante* (1975), 44 Ohio App. 2d 318, 320 [73 O.O.2d 374], the transfer of the case from a mayor's court to a municipal court does not constitute a change of venue. However, such transfer does constitute a "removal" within the contemplation of the statute, an issue neither discussed nor decided by the *Oakwood* court.

The word "removal" in connection with a case pending in a court connotes the transfer of the case from one court to another, usually for jurisdictional reasons, in accordance with statutory requirements. Removal differs from change of venue in that venue relates to the locality in which the case should be tried; whereas, removal relates to the transfer of a case from one court to another for jurisdictional reasons. Thus, a transfer of a case from a mayor's court to a municipal court for a jury trial pursuant to R.C. 2937.08 constitutes a removal within the contemplation of R.C. 2945.72(F), even though it does not constitute a change of venue. Such removal occurs at the time of certification by the mayor's court, rather than at the time of docketing in the municipal court.[1]

R.C. 2945.72(F) limits the extension

---

[1] The practical effect of our holding is that the date of certification by the mayor's court is substituted for the date of arrest for purposes of applying R.C. 2945.71(B) to pro- ceedings in the municipal court, provided such certification occurs within the time specified by R.C. 2945.71(A) as extended by R.C. 2945.72, and is otherwise timely.

of the time within which an accused may be brought to trial only by such period of delay as is necessitated by the removal from the mayor's court to the municipal court. There is nothing in the record suggesting any reason why the removal was not effectuated, at least by October 29, 1984, nor any explanation of the thirty-one day delay in the docketing of the case in the municipal court.

To the extent that this court has previously held that the time fixed by R.C. 2945.71(B) for bringing an accused to trial in a case transferred from a mayor's court to a municipal court for jury trial always commences at the time the case is certified to the municipal court, we disagree because: (1) the clear language of R.C. 2945.71(B) is that the time commences with the arrest of the accused, which frequently precedes the docketing of the case; and (2) R.C. 2945.72(F) expressly provides that, in the case of a removal, the time for bringing the accused to trial is extended only by the period of delay necessitated by such removal.

We agree with the conclusions we reached in *Westerville* v. *Williams, supra,* which involved not a removal but an appeal to a municipal court for a trial *de novo* pursuant to R.C. 1905.25, following a trial and conviction in the mayor's court.

Nor would the conclusion we reach herein have necessitated a different result in *Reed, Hormann* or *Murphy.* In *Reed* and *Hormann,* we referred to time for trial commencing with certification without further explanation. More precisely, we should have stated, as we determine herein, that the entire prescribed time for trial is available after certification since the time between the arrest and prompt and timely certification by a mayor's court to the municipal court for a jury trial is excluded pursuant to R.C. 2945.72(F) as delay necessitated by the removal to the municipal court pursuant to R.C.

2937.08. In *Murphy,* we found that the defendant was not brought to trial within the prescribed time, requiring dismissal of the charges.

Assuming certification by the mayor's court did not occur until November 29, 1984, this case was not disposed of in the mayor's court within the time prescribed by R.C. 2945.71(A), which requires an accused to be brought to trial within thirty days after his arrest. Even though under such assumption the case remained in the mayor's court for more than thirty days, defendant was neither brought to trial, nor was the case certified and docketed in the municipal court, within such thirty-day period. Although the reason defendant was not brought to trial in the mayor's court was her refusal to waive a jury trial, necessitating transfer of the case to the municipal court, the mayor's court is not thereby relieved of its obligation of disposing of the case in that court within the thirty-day period prescribed by R.C. 2945.71(A), unless extended pursuant to R.C. 2945.72.

However, the issue before us is application of R.C. 2945.71(B) to the proceedings in municipal court, rather than application of R.C. 2945.71(A) to the proceedings in the mayor's court. Defendant was not brought to trial within the time after her arrest as prescribed by R.C. 2945.71(B) and extended by R.C. 2945.72(F), since, as indicated above, the delay necessitated by removal of the case from the mayor's court to the municipal court was from the time of arrest to timely certification and is not extended by the delay in docketing the case in the municipal court, at least in the absence of evidence demonstrating a reasonable basis for further extension.

Accordingly, unless one or both of the continuances granted in the municipal court were reasonable continuances granted other than upon the accused's own motion pursuant to R.C. 2945.72(H), an issue not reached by the

trial court, defendant was not brought to trial within the time required by R.C. 2945.71(B)(2). Therefore, the assignment of error is well-taken, and we remand the cause to the trial court for determination of whether either of the continuances granted in that court constitute a "reasonable continuance granted other than upon the accused's own motion" (R.C. 2945.72[H]).

For the foregoing reasons, the assignment of error is sustained. The judgment of the Franklin County Municipal Court is reversed, and this cause is remanded to that court for further proceedings in accordance with law consistent with this opinion.

*Judgment reversed and cause remanded.*

STERN and BROWN, JJ., concur.

LEONARD STERN and WILLIAM B. BROWN, retired Justices of the Supreme Court of Ohio, were assigned to active duty pursuant to Section 6(C), Article IV, Ohio Constitution.