[This opinion has been published in *Ohio Official Reports* at 75 Ohio St.3d 53.]

CITY OF BRECKSVILLE, APPELLANT, *v.* COOK, APPELLEE.

[Cite as *Brecksville v. Cook*, 1996-Ohio-171.]

*Criminal law—Speedy trial—Mayor's courts—Transfer to municipal court is "removal within meaning of R.C. 2945.72(F)—Period of delay necessary to the removal is the time from arrest or summons to the date the mayor's court certifies the case to the municipal court.*

_____

The transfer of a case pursuant to R.C. 1905.032 from the mayor's court to the municipal court is a "removal" within the meaning of R.C. 2945.72(F), and the period of delay necessary to the removal is the time from arrest or summons to the date the mayor's court certifies the case to the municipal court.

_____

(No. 94-1897—Submitted November 8, 1995—Decided March 4,1996.)

CERTIFIED by the Court of Appeals for Cuyahoga County, No. 65766.

_____

{¶ 1} The facts of this case are simple and undisputed. On May 22, 1993, appellee, Eric Cook, was cited for an automobile exhaust equipment defect, a minor misdemeanor violation of Section 337.20 of the Codified Ordinances of the city of Brecksville. The citing officer issued Cook a ticket and instructed him to appear in Brecksville Mayor's Court on June 3, 1993.

{¶ 2} On June 3, 1993, Cook appeared as directed, entered a plea of not guilty, and did not waive his right to a speedy trial. On June 4, 1993, the mayor certified the case to the Garfield Heights Municipal Court for trial. On June 9, 1993, the municipal court received the matter, placed it on the docket, and notified Cook of his arraignment set for June 22.

**{¶ 3}** Cook appeared before the municipal court on June 22, again entered a plea of not guilty, and informed the court that thirty-one days had passed since the date of his citation, suggesting that the speedy trial statute had run without the state bringing him to trial. The judge explained that Cook was mistaken, that a new thirty-day period had begun when the mayor certified the case to the municipal court, and that the statute had consequently not run. The judge set the trial for June 28, 1993, at which time Cook was convicted and fined. Cook then appealed to the Eighth District Court of Appeals.

**{¶ 4}** The court of appeals held, over a dissent, that Cook had not been brought to trial within the time required by R.C. 2945.71(A), and that his statutory right to a speedy trial had therefore been violated. The court reversed Cook's conviction, and *sua sponte* certified that its decision was in conflict with *Gahanna v. Partlow* (1985), 27 Ohio App. 3d 267, 27 OBR 311, 501 N.E.2d 51. On October 19, 1994, we determined that a conflict existed and allowed the appeal to resolve the speedy trial question raised by Cook in the court of appeals.

––––––––––––––––––

*Roger A. Wadsworth,* Brecksville City Prosecutor, for appellant.

*Augustin F. O'Neil,* for appellee.

––––––––––––––––––

**MOYER, C.J.**

**{¶ 5}** This appeal presents two related issues: (1) whether the delay produced by the transfer pursuant to R.C. 1905.032[1] of a minor misdemeanor case

––––––––––––––––––

1. R.C. 1905.032 provides:

"(A) If a person who is charged with a violation of a law or an ordinance is brought before a mayor's court and the violation charged is not within the jurisdiction of the court, as set forth in section 1905.01 of the Revised Code, the mayor promptly shall transfer the case to the municipal court, county court, or court of common pleas with jurisdiction over the alleged violation and shall require the person to enter into a recognizance to appear before that court.

"***

"(B) Upon the transfer of a case by a mayor under division (A) of this section, all of the following apply:

from the mayor's court to the municipal court for trial upon a plea of not guilty constitutes a removal such that the speedy trial statute is tolled under R.C. 2945.72(F); and (2) if the statute is tolled, which events mark the beginning and the end of the tolled period?

{¶ 6} Ohio's speedy trial statute was implemented to incorporate the constitutional protection of the right to a speedy trial provided for in the Sixth Amendment to the United States Constitution and in Section 10, Article I, of the Ohio Constitution. *State v. Broughton* (1991), 62 Ohio St.3d 253, 256, 581 N.E.2d 541, 544; see *Columbus v. Bonner* (1981), 2 Ohio App.3d 34, 36, 2 OBR 37, 39, 440 N.E.2d 606, 608. The constitutional guarantee of a speedy trial was originally considered necessary to prevent oppressive pretrial incarceration, to minimize the anxiety of the accused, and to limit the possibility that the defense will be impaired. *State, ex rel. Jones v. Cuyahoga Cty. Ct. of Common Pleas* (1978), 55 Ohio St.2d 130, 131, 9 O.O.3d 108, 109, 378 N.E.2d 471, 472.

{¶ 7} Section 10, Article I of the Ohio Constitution guarantees to the party accused in any court "a speedy public trial by an impartial jury." "Throughout the long history of litigation involving application of the speedy trial statutes, this court has repeatedly announced that the trial courts are to strictly enforce the legislative mandates evident in these statutes. This court's announced position of strict enforcement has been grounded in the conclusion that the speedy trial statutes implement the constitutional guarantee of a public speedy trial." (Citations omitted.) *State v. Pachay* (1980), 64 Ohio St.2d 218, 221, 18 O.O.3d 427, 429, 416 N.E.2d 589, 591. We are acutely conscious of the magnitude of the rights we interpret today. We have also previously explained, however, that "the prescribed times for trial set forth in R.C. 2945.71 are not absolute in all circumstances, but a

---

"(1) The mayor shall certify all papers filed in the case, together with a transcript of all proceedings, accrued costs to date, and the recognizance given, to the court to which the case is transferred."

certain measure of flexibility was intended by the General Assembly by the enactment of R.C. 2945.72, wherein discretionary authority is granted to extend the trial date beyond the R.C. 2945.71 time prescriptions." *State v. Wentworth* (1978), 54 Ohio St.2d 171, 173, 8 O.O.3d 162, 163-164, 375 N.E.2d 424, 426. It is against these principles that we analyze the issues now before us.

{¶ 8} R.C. 2945.71(A) provides: "A person against whom a charge is pending in a court not of record, or against whom a charge of minor misdemeanor is pending in a court of record, shall be brought to trial within thirty days after his arrest or the service of summons."

{¶ 9} Circumstances justifying extension of the statutory period are contained in R.C. 2945.72 which provides in pertinent part: "The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:

"***

"(F) Any period of delay necessitated by a removal or change of venue pursuant to law[.]"

{¶ 10} The Cuyahoga County Court of Appeals held that the transfer of the case from the mayor's court to the municipal court was not a "removal" within the meaning of R.C. 2945.72(F). The dissent countered that the intent of the legislature, logistical imperatives and the efficient administration of justice require that the transfer of a case from the mayor's court to the municipal court be considered a removal under the provisions of R.C. 2945.72(F). Further, the dissenting judge argued that the correct rule was set out in *Gahanna v. Partlow* (1985), 27 Ohio App.3d 267, 27 OBR 311, 501 N.E.2d 51, providing for tolling of the speedy trial period from the date of arrest or issuance of the summons up to the date of certification from the mayor's court to the municipal court. For the reasons that follow, we agree.

4

**{¶ 11}** In determining whether a transfer from the mayor's court to the municipal court for trial constitutes a removal under R.C. 2945.72(F), we note first that the statute does not specifically define the word "removal." In the absence of a statutory definition we look to the usual and ordinary definition of the word for guidance. *Coventry Towers, Inc. v. Strongsville* (1986), 18 Ohio St.3d 120, 122, 18 OBR 151, 152, 480 N.E.2d 412, 414. Webster's Third New International Dictionary (1986) 1921, defines "removal of causes" as, "the taking of pending cases from a state court to a federal court *** [;] the transfer of a case from one federal court to another [;] the transfer of a case from one to another court within the same state ***." Black's Law Dictionary (6 Ed. 1990) 1296, defines "removal of causes" as, "[t]he transfer of a case from one court to another; *e.g.* from one state court to another, or from state court to federal court. *** More particularly, the transfer of a cause of action, before trial or final hearing thereof, from a state court to the United States District Court, under 28 U.S.C.A. §1441 et seq."

**{¶ 12}** Though the term "removal" might be used most often in relation to the transfer from state court to a United States District Court under the Federal Rules of Civil Procedure, the General Assembly clearly was not referring to a removal to federal court when it enacted R.C. 2945.72(F). Such a removal is a device of civil rather than criminal procedure and there is no counterpart provision in the criminal law authorizing removal from state to federal court. We conclude, therefore, that the General Assembly intended the word "removal" in R.C. 2945.72(F) to refer to the transfer of a case from one state court to another, including a transfer from the mayor's court to the municipal court.

**{¶ 13}** This interpretation is supported by the case law. Of the Ohio appellate cases directly addressing the issue, two published cases predating the case at bar both conclude that the transfer at issue is precisely the "removal" referred to in R.C. 2945.72(F). See *Gahanna v. Partlow*, *supra* (27 Ohio App.3d 267), and *Boston Hts. v. Weikle* (1991), 81 Ohio App.3d 165, 610 N.E.2d 526. Only the

Cuyahoga County Court of Appeals' own decision in *Oakwood v. Ferrante* (1975), 44 Ohio App.2d 318, 73 O.O.2d 374, 338 N.E.2d 767, and two other unreported cases even arguably suggest that the instant transfer is not a removal. In *Ferrante,* a *sua sponte* continuance was the central issue in the case and the court of appeals therefore did not directly address the removal issue

**{¶ 14}** The Tenth District Court of Appeals held in *Gahanna v. Partlow* that "a transfer of a case from a mayor's court to a municipal court for a jury trial pursuant to R.C. 2937.08 constitutes a removal within the contemplation of R.C. 2945.72(F), even though it does not constitute a change of venue." 27 Ohio App3d at 270, 27 OBR at 314, 501 N.E.2d at 55. Since the *Partlow* decision, most of the courts in this state have followed its rule.

**{¶ 15}** In view of our conclusion that the transfer from the mayor's court to the municipal court constitutes a "removal" under R.C. 2945.72(F), tolling the speedy trial statute, it becomes necessary to identify the period during which the statute is tolled. Ohio courts holding that the transfer constitutes a removal are divided in their approaches to defining the tolling period. In recognition of this court's admonition to strictly construe the speedy trial statutes against the state, one approach confines tolling to the period of certification -- the time necessary to the process of the specific transfer. This construction defines the period of the certification as the time from certification in the mayor's court to docketing in the municipal court.

**{¶ 16}** The approach is a well-intentioned attempt to preserve the protections of the Constitution and the statute, while acknowledging the General Assembly's intent to allow the court system a reasonable logistical framework within which to operate. We conclude, however, that the approach suffers from a fatal flaw. The flaw is exposed when one considers the result of a prolonged delay between certification in the mayor's court and docketing in the municipal court. Under such circumstances, the tolling period could extend indefinitely. This result

would clearly frustrate the purpose of the constitutional safeguard and of the speedy trial statute, working a significant deprivation of rights to the defendant.

**{¶ 17}** The better rule is that articulated by the Tenth Appellate District in *Gahanna v. Partlow*, and followed by the majority of courts that have written on the issue. This view holds that the tolling period should extend from the date of arrest or summons until the date of certification to the municipal court. This approach has the advantage of guaranteeing the municipal court the full statutory period within which to bring the accused to trial. It also places an absolute limit on the total amount of time that can pass between arrest and trial. Its disadvantage is that it provides for a possible doubling of the statutory period.

**{¶ 18}** Cook argues that the potential doubling of the permissible period between arrest and trial under the *Partlow* rule renders the solution unacceptable. He contends that the violence done to the right of the accused by doubling the period specifically chosen by the General Assembly to implement the constitutional guarantee of a speedy public trial is far greater than the administrative benefit of giving the mayor's and municipal courts time to accommodate their current docketing systems. Cook, citing *State v. Pudlock* (1975), 44 Ohio St.2d 104, 106, 73 O.O.2d 357, 358, 338 N.E.2d 524, 525, and *State v. Wentworth* (1978), 54 Ohio St.2d 171, 174, 8 O.O.3d 162, 164, 375 N.E.2d 424, 427, expresses concern that the *Partlow* rule conflicts with what he describes as the dual bedrock principles of speedy trial jurisprudence. The first is the principle that broad interpretation of the R.C. 2945.72 extension statute would frustrate the purpose of the speedy trial protections. The second is that practices undercutting implementation of the speedy trial provisions must not be employed to extend the requisite time periods. We agree that the constitutional proportions of the rights at issue require us to engage in careful reflection before holding in favor of a rule which has the practical effect of extending the statutory period. We conclude, however, that the proper balance

between the competing goals of the speedy trial statutes and the effective administration of justice is achieved by the *Partlow* rule.

{¶ 19} A further objection raised by Cook is the apparent conflict between the plain language of R.C. 2945.71(A), providing that the statutory period begins to run at the time of arrest or service of summons, and the effect of the *Partlow* rule. Cook contends that the *Partlow* rule postpones the beginning of the statutory period in contradiction to the express language of R.C. 2945.71(A). Furthermore, he argues, the rule permits the state to use the tolling procedures to the detriment of an accused's constitutional right to a speedy trial.

{¶ 20} We do not agree that the extension contemplated by the *Partlow* rule would either contradict the plain language of the statute or permit the state to intrude on a defendant's constitutional right. The Revised Code expressly provides for extension of the period under specific circumstances which include the instant removal. The fact that R.C. 2945.71(A) speaks of the period from arrest to trial does not exclude the possibility that the Revised Code might elsewhere provide for a tolling of some portion of that period. There is no reason that the tolled portion, if properly construed as "delay necessitated by a removal," may not fall between arrest and certification, rather than at some other time prior to trial.

{¶ 21} Under the *Partlow* rule, the period would have the advantage of a definite terminus. The mayor's court would be required to certify the case within thirty days from the date of arrest in order to invoke the tolling period, and the municipal court would have to bring the defendant to trial within thirty days from the date of certification. The statutory period, therefore, could not be extended indefinitely and the accused's right to a reasonably speedy trial would be protected. Because mayor's courts are courts not of record, all cases first brought there would be subject to the thirty-day period set out in R.C. 2945.71(A) and the total possible time between arrest and trial would be sixty days.

**{¶ 22}** Furthermore, we are convinced that the General Assembly could constitutionally have chosen to allow the state sixty days within which to bring minor misdemeanor defendants to trial in the first place. See *Barker v. Wingo* (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101; *State v. Broughton*, 62 Ohio St.3d at 256, 581, N.E.2d at 544, (The test for an unconstitutional denial of a speedy trial is one which considers the totality of the circumstances, rather than rigid numerical delineations.). There are clearly reasonable grounds for the General Assembly's determination that an extension of the statutory period is necessary to allow courts to effectively conduct their administrative affairs. On the other hand, the inconvenience to a defendant originally appearing in mayor's court is slight. Because the defendant is not subject to pretrial incarceration, he is neither unable to continue earning his livelihood nor impeded in his efforts to secure witnesses and prepare his defense. No evidence is likely to be lost or destroyed during the additional thirty days and no witnesses are likely to have become unavailable. The defendant, therefore, is not prejudiced by the further delay and his constitutional right to a speedy trial has not been denied.

**{¶ 23}** Conversely, the burden imposed on the state by a strict, thirty-day rule would be considerable. Although the right of the defendant to a speedy trial is one of constitutional proportions, there is an important countervailing interest that must be given weight in the balance of competing interests. It is the right of the people to require criminal defendants to stand trial for their alleged offenses. The mechanism of transfer from the mayor's court to the municipal court, combined with the short statutory provision for courts not of record, would render it nearly impossible for the system to bring the defendant to trial in municipal court within thirty days of his or her arrest. We conclude, therefore, that the balance of important constitutional interests weighs in favor of the *Partlow* rule.

**{¶ 24}** Accordingly, we hold that the transfer of a case pursuant to R.C. 1905.032 from the mayor's court to the municipal court is a "removal" within the

meaning of R.C. 2945.72(F) and that the period of delay necessary to the removal is the time from arrest or summons to the date the mayor's court certifies the case to the municipal court.

{¶ 25} The judgment of the court of appeals is therefore reversed and Cook's conviction is reinstated.

*Judgment reversed.*

DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

_____