OPINION
Scott Rudnick was found guilty of speeding in violation of the Village of St. Paris ordinances. He has appealed and raised three assignments of error.
On November 14, 2000 Rudnick was cited by Officer Nathan Acock of the St. Paris police department for driving 49 miles per hour in a 35 mile per hour speed zone. Rudnick was summoned by Acock to appear in the St. Paris Mayor's Court on November 27, 2000. The docket reflects that Rudnick failed to appear on November 27, 2000 and the Clerk of the Mayor's Court sent a letter informing Rudnick that he should appear in that court on December 11, 2000.
The docket reflects that Rudnick mailed a written plea of not guilty to the Mayor's Court on November 27, 2000 and it was received by that court on December 2, 2000. The docket next reflects that the Deputy Clerk of the Champaign County Municipal Court notified Rudnick on December 29, 2000 by letter that his "ticket" had been transferred to the municipal court and he was to appear on January 12, 2001. The municipal court docket next reflects that the clerk notified Rudnick that he had failed to appear on January 12, 2001 and thus he was to appear for his arraignment on January 19, 2001 or a bench warrant for his arrest would be issued.
On January 11, 2001, Rudnick mailed a written plea of not guilty to the Champaign County Municipal Court. This was filed by the Clerk on January 17, 2001. On the same day, Rudnick mailed his motion to dismiss the charge against him on statutory speedy trial grounds. This was also filed stamped by the Clerk of January 17, 2001. The matter was set for trial on February 12, 2001 and Rudnick appeared and renewed his dismissal motion which was overruled by the trial court.
In his first assignment, Rudnick contends he was denied his speedy trial rights pursuant to R.C. 2945.71(A) which provides in pertinent part:
 A person against whom a charge is pending in a court not of record, or against whom a charge of minor misdemeanor is pending in a court of record, shall be brought to trial within thirty (30) days after his arrest, or the service of summons. (Emphasis ours).
Appellant contends he was tried by the municipal court well past the thirty days required by the statute and that the time necessitated by the transfer of the case from mayor's court to the municipal court should be included because he did not request that the case be transferred to the municipal court.
R.C. 1905.032 provides in pertinent part:
 If a person who is charged with a violation of a law or an ordinance is brought before a mayor's court and the violation charged is within the jurisdiction of the court, as set forth in section 1905.01 of the Revised Code, the mayor, at any time prior to the final disposition of the case, may transfer it to the municipal court, county court, or court of common pleas with concurrent jurisdiction over the alleged violation. If a mayor transfers a case under this provision, the mayor shall require the person charged to enter into a recognizance to appear before the court to which the case is transferred. (Emphasis ours).
In Brecksville v. Cook (1996), 75 Ohio St.3d 53, the Ohio Supreme Court held that the removal of a case pursuant to R.C. 1905.032 from the mayor's court to the municipal court is a "removal" within the meaning of R.C. 2945.72(F) and the period necessary to the removal is the time from arrest or summons to the date the mayor's court certifies the case to the municipal court.
Thus it is clear that the mayor would be required to certify the case within thirty days from the date of the arrest or citation in order to invoke the tolling period, and the municipal court would be required to bring the defendant to trial within 30 days from the date of the certification. Brecksville v. Cook, supra, at 59.
We have examined the mayor's court's docket and journal entries and we find no evidence that the mayor took any action to certify the case to municipal court. There is a notation on the case summary that states "Transfer to Champ. Co. Municipal Court, Urbana, Ohio" (12/11/00). The notation is not signed and we have no idea who decided Rudnick's case should be certified to the municipal court. It is axiomatic that a court only speaks through its journal entries. Accordingly, the statute was not tolled by a proper mayoral certification and the trial court erred in not granting Rudnick's dismissal motion.[1] The first assignment of error is sustained.
Rudnick's second and third assignments have been rendered moot by our resolution of the first assignment of error. The judgment of the trial court is Reversed, and the Defendant is ordered Discharged.
FAIN, J., and YOUNG, J., concur.
[1] If we assume the mayor transferred the case on December 11, 2000 then the municipal court was required to try the defendant by January 11, 2001.