OPINION
Marilyn A. Harper is appealing from the conviction of a fourth degree misdemeanor (trespassing) in violation of the Village of Yellow Springs Ordinance 642.10(A)(1) by the Xenia Municipal Court at a bench trial held on December 4, 2001, after Harper entered a no contest plea.
Harper had filed on December 3, 2001, a motion to dismiss the case for violation of a speedy trial statutory right. She had been charged with a fourth degree misdemeanor and R.C. 2945.71(B)(1) requires that she be tried, therefore, within forty-five days after the Mayor of the Village of Yellow Springs had ordered the transfer of the case on October 16, 2001, to the Xenia Municipal Court, pursuant to a request by Harper. The Supreme Court of Ohio has held definitively that a transfer order signed by a mayor to a municipal court constitutes a "removal" within the meaning of R.C. 2945.72(F), and, therefore, the speedy trial time of, in this case, forty-five days, begins to run on the date of the mayor's transfer order, which in this case was October 16, 2001. City ofBrecksville v. Cook (1996), 75 Ohio St.3d 53, 661 N.E.2d 706.
The judge of the Xenia Municipal Court summarily overruled the dismissal motion by writing in hand at the bottom of the motion the following: "12-3-01 motion overruled. Trial will occur as scheduled on 12 4-01." The court gave no reasons for its decision.
The sole error assigned on appeal by Harper is that the decision overruling her motion was in error. Harper is certainly correct. The time from the mayor's order to the date of trial, December 4, 2001, was forty-nine days.
The appellee, for understandable reasons, failed to file a brief in this case. In determining the appeal, this court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action. App.R. 18(C). We do not, however, defer solely to the appellant's brief as the plain record clearly supports appellant's argument. Moreover, Harper filed a "Waiver of Time" form in the municipal court wherein she checked the block that states "I want my case tried within a time provided by law, as stated above"
The sole assignment of error is sustained, the judgment is reversed, the conviction is vacated and any costs or bond paid by appellant shall be refunded to her.
WOLFF, P.J. and GRADY, J., concur.