OPINION
{¶ 1} Plaintiff-appellant, the state of Ohio, appeals the decision of the Warren County Court of Common Pleas granting a motion to dismiss on speedy trial grounds.
 {¶ 2} Defendant-appellee, Christopher Derrico ("defendant"), was indicted on a felony charge in Warren County. The defendant was arrested and confined on the charge on March 11, 2002. The trial court scheduled a trial by notice filed on March 25, 2002. The trial date was set for July 1, 2002.
 {¶ 3} Defendant filed a motion to dismiss the indictment on April 25, 2002 for reasons unrelated to time limitations. The trial court subsequently overruled defendant's motion on May 23, 2002. On June 21, 2002, defendant filed a motion to dismiss the charge on speedy trial grounds once the 90-day limit had passed. The trial court granted the motion. The state of Ohio appeals that decision.
 {¶ 4} The state of Ohio argues in its one assignment of error that the speedy trial limits were not exceeded because defendant's first motion to dismiss extended the time period.
 {¶ 5} Initially, we note that R.C. 2945.71 states that the state must bring a defendant, who is confined on the charge, to trial within 90 days of his arrest. The state of Ohio specifically argues that R.C.2945.72(E) is applicable to this case. R.C. 2945.72 states, in part, that the time within which an accused must be brought to trial, may be extended only by the following: (E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused.
 {¶ 6} Our review of the trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact. State v. McDonald (June 30, 1999), Mahoning App. Nos. 97C.A.146 and 97C.A.148. Due deference must be given to the trial court's findings of fact if supported by competent, credible evidence, but we must independently review whether the trial court properly applied the law to the facts of the case. Id.
 {¶ 7} When reviewing the legal issues presented in a speedy trial claim, an appellate court must strictly construe the relevant statutes against the state. Id., citing Brecksville v. Cook, 75 Ohio St.3d 53,57, 1996-Ohio-171. When considering speedy trial issues, the peculiar circumstances of each case must be considered. State v. Bayless, Franklin App. No. 02-AP-215, 2002-Ohio-5791.
 {¶ 8} The trial court found in this case that defendant's motion to dismiss the indictment did not necessitate a delay of the trial date.[1] The trial date had been set beyond the time limits and remained unchanged by any motions filed. No period of delay was necessitated by reason of defendant's motion to dismiss the indictment filed in April. See R.C. 2945.72. See, also, State v. Singer (1977), 50 Ohio St.2d 103,108-109; State v. Adkins (2001), 144 Ohio App.3d 633,640 (speedy trial time is tolled when defendant files motion only if the motion actually delays the proceedings); State v. Phillips (June 19, 1987), Williams App. No. WS-86-13 (filing of appellant's motion did not cause any delay when trial held on date originally scheduled); State v. Meade (Dec. 13, 1996), Erie
App. No. E-96-001 (R.C. 2945.72[E] does not apply to motions that do not cause a delay in the proceedings); State v. D.M. Pallet Service Inc. (Nov. 15, 1994), Franklin App. No. 94APC02-195 (cannot conclude "necessitated by reason" of defendant's motion where there is no indication that trial was in fact delayed by motion).
 {¶ 9} Competent credible evidence supports the trial court's findings, and the trial court properly applied the law to the facts of this case. The state's assignment of error is overruled.
Judgment affirmed.
WALSH, P.J., and YOUNG, J., concur.
[1] We note that defendant filed a request for Bill of Particulars, Demand for Discovery, and a motion to continue the pre-trial to a date earlier or later than scheduled. The pretrial was rescheduled to a date earlier than it was originally set.