JOURNAL ENTRY and OPINION.
{¶ 1} Defendant-appellant Deborah Carothers ("Carothers") appeals the judgment of the Garfield Heights Municipal Court finding her guilty of speeding, in violation of Brecksville Codified Ordinance 333.03. We find no merit to the appeal and affirm.
 {¶ 2} On July 28, 2002, Carothers was cited for speeding, and she appeared at the Brecksville Mayor's Court to plead not guilty on August 8, 2002. The case was then transferred to the Garfield Heights Municipal Court for trial.
 {¶ 3} On August 13, 2002, the Garfield Heights Municipal Court received the case, recorded its receipt, and placed it on the docket. Carothers appeared in court for her arraignment on August 21, 2002, at which time the judge advised Carothers that the penalty for speeding carried a potential jail sentence of up to 30 days and a fine of up to $250.
 {¶ 4} Although Carothers denies making an oral motion for jury trial, the docket indicates the court denied an oral motion for jury trial on August 27, 2002. In its entry, the court explained that because Carothers was cited for a minor misdemeanor, she was not entitled to a jury trial. The court further stated in its entry that the case would proceed to a bench trial on September 3, 2002.
 {¶ 5} On August 29, 2002, Carothers filed a written demand for a jury trial. Again, the trial court denied Carothers' request for a jury trial by stating in its entry that she was not entitled to a jury trial because she was being prosecuted for a minor misdemeanor.
 {¶ 6} At some point, Brecksville filed a motion to continue the trial, claiming it had insufficient time to subpoena the police officer who cited Carothers. The court granted the motion and continued the trial to September 10, 2002.
 {¶ 7} The case proceeded to trial as scheduled on September 10, 2002. Carothers moved for dismissal, arguing the delay in setting her case for trial violated her constitutional right to a speedy trial. The court denied the motion to dismiss and found Carothers guilty. The court ordered her to pay a $75 fine. This appeal followed.
 {¶ 8} Carothers raises two assignments of error, arguing that the trial court violated her constitutional rights to a jury trial and a speedy trial.
 Jury Trial {¶ 9} In her first assignment of error, Carothers argues the trial court violated her right to a jury trial when it denied her request for a trial by jury. However, in her reply brief, Carothers concedes that because she was charged with and convicted of a minor misdemeanor, she was not entitled to a jury trial. Therefore, this assignment of error is overruled.
 Speedy Trial {¶ 10} In her second assignment of error, Carothers argues the trial court violated her right to a speedy trial because the trial occurred 44 days after she received the summons and 33 days after her initial court appearance in the Brecksville Mayor's Court.
 {¶ 11} R.C. 2945.71(A) provides that a defendant facing a minor misdemeanor charge must be brought to trial within 30 days after his or her arrest or the service of summons. However, R.C. 2945.72 provides for circumstances that can extend the statutory period including "any period of delay necessitated by a removal * * *." R.C. 2945.72(F). If a defendant is not brought to trial within the time required by R.C. 2945.71
and 2945.72, the defendant must be discharged upon a motion made at or prior to the beginning of trial. R.C. 2945.73(B).
 {¶ 12} The Ohio Supreme Court has found that the transfer of a case from a mayor's court to a municipal court constitutes a "removal" within the meaning of R.C. 2945.72(F). Brecksville v. Cook (1996),75 Ohio St.3d 53, syllabus. Specifically, the Cook court held that "the transfer of a case pursuant to R.C. 1905.032 from the mayor's court to the municipal court is a `removal' within the meaning of R.C. 2945.72(F), and the period of delay necessary to the removal is the time from arrest or summons to the date the mayor's court certifies the case to the municipal court." Id. at 60. In order to satisfy the time requirement of R.C. 2945.71(A), the mayor's court must certify the case within thirty days after the date of the arrest or summons, and the municipal court must bring the defendant to trial within thirty days from the date of the certification. Id. at 59.
 {¶ 13} In the present case, Carothers was served with a summons on July 28, 2002, when she received the speeding ticket. The Brecksville Mayor's Court certified the case to the Garfield Heights Municipal Court on August 8, 2002. Thus, Carothers should have been tried on September 8, 2002, which would have been 30 days after the case was certified to the Garfield Heights Municipal Court.
 {¶ 14} Although Carothers was not brought to trial until two days after the expiration of the thirty-day statutory period, this delay did not warrant a dismissal because the two-day continuance was reasonable. R.C. 2945.72(H) provides that the time within which an accused must be brought to trial may be extended by either "the period of any continuance granted on the accused's own motion" or "the period of any reasonable continuance granted other than upon the accused's own motion." Thus, if the continuance was "granted other than upon the accused's own motion," appellee must demonstrate that the continuance was reasonable. What is reasonable depends on the facts and circumstances of a particular case.State v. Saffell (1988), 35 Ohio St.3d 90, 91.
 {¶ 15} Here, the trial court granted the prosecution's motion for continuance to allow Brecksville to subpoena the officer who cited Carothers and to secure his testimony for trial. The trial court granted the continuance and set the new trial date before the expiration of the statutory period for speedy trial. Moreover, the continuance granted by the trial court placed Carothers' trial only two days beyond her speedy trial deadline. A two-day continuance is not "facially unreasonable." SeeAurora v. Patrick (1980), 61 Ohio St.2d 107, 108-109. Under these circumstances, we find the continuance was a reasonable alternative to excluding a prosecution witness or dismissing the case. See Barker v.Wingo (1972), 407 U.S. 514, 522. Accordingly, the second assignment of error is overruled.
Judgment affirmed.
FRANK D. CELEBREZZE, JR., P.J. and JAMES J. SWEENEY, J. CONCUR