{¶ 23} "Although the right of the defendant to a speedy trial is one of constitutional proportions, there is an important countervailing interest that must be given weight in the balance of competing interests. It is the right of the people to require criminal defendants to stand trial for their alleged offenses."Brecksville v. Cook (1996), 75 Ohio St.3d 53, 59. In this case, the majority has overstepped its bounds in protecting the appellant's right to a speedy trial, and in the process has abandoned several important and basic tenets of appellate review. Accordingly, I dissent.
 {¶ 24} Having no written record of the portion of the proceedings in which the court informed the appellant and others of their rights, and despite the express statement on the waiver form that the court informed appellant of his constitutional right to a speedy trial, the majority presumes that appellant wasnot informed of his right to a speedy trial before he signed the waiver. This presumption plainly contradicts the presumption of regularity which we ordinarily accord to trial court proceedings.
 {¶ 25} Furthermore, appellant has presented no evidence that he did not read the waiver form, or that he did not circle the "yes" on the form indicating that he was waiving his right to a speedy trial, yet the majority presumes that appellant did not read or complete the waiver form, in direct derogation of the general presumption, acknowledged by the majority, that a written waiver, apparently valid on its face, is valid absent contraryevidence. State v. Malott (May 1, 1988), Montgomery App. No. 16853.
 {¶ 26} Finally, the majority creates a novel new requirement, that speedy trial waivers must be executed by witnesses as well as the defendant to be valid.
 {¶ 27} Although appellant asserted in the municipal court that he was denied a speedy trial, he never questioned the validity of the written waiver in the trial court. He makes this argument for the first time on appeal. Therefore, we should review the trial court's determination that appellant waived his right to a speedy trial for plain error. Absent any evidence in the record to demonstrate the invalidity of the facially valid written waiver, I cannot say that the court's decision was plainly erroneous. Accordingly, I would overrule this assignment of error.
 {¶ 28} I would also reject appellant's argument that the court erred by overruling his motion to suppress, and his assertion that the municipal ordinance he violated was unconstitutional. Furthermore, I would hold that appellant had no property interest in guns used in the commission of an offense, so he had no standing to challenge their forfeiture. However, I would hold that the court erred by sentencing appellant to both jail time and probation. Therefore, I would vacate the sentence and remand for resentencing.
 Appendix — Assignments of error "I. Defendant was denied due process of law when the courtoverruled defendant's motion to dismiss by reason of a lack of aspeedy trial."
 "II. Defendant was denied due process of law when the courtoverruled his motion to suppress."
 "III. Defendant was denied due process of law when the courtrefused to declare the maple heights ordinance at issueunconstitutional."
 "IV. Defendant was denied due process of law when the courtoverruled defendant's motion for judgment of acquittal."
 "V. Defendant was denied due process of law when the courtordered forfeiture of the weapons as part of the sentence."
 "VI. Defendant was denied due process of law when he wassentenced to a maximum sentence and also placed on probation."
It is ordered that the appellant recover from appellee costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Garfield Heights Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.