[Cite as *State v. Manacapilli*, 2013-Ohio-4270.]

STATE OF OHIO          )                    IN THE COURT OF APPEALS
                           )ss:              NINTH JUDICIAL DISTRICT
COUNTY OF WAYNE     )

STATE OF OHIO                        C.A. No.       12CA0056

      Appellee

      v.                             APPEAL FROM JUDGMENT
                                ENTERED IN THE
VIRGINIA A. MANACAPILLI         WAYNE COUNTY MUNICIPAL COURT
                                COUNTY OF WAYNE, OHIO
      Appellant                 CASE No.     TRD 12-07-06204

DECISION AND JOURNAL ENTRY

Dated: September 30, 2013

CARR, Judge.

**{¶1}** Appellant, Virginia Manacapilli, appeals the judgment of the Wayne County Municipal Court. This Court reverses and remands.

I.

**{¶2}** On June 9, 2012, Manacapilli was pulled over in the Village of Mount Eaton and cited for speeding, a minor misdemeanor. On June 25, 2012, Manacapilli appeared in Mount Eaton Mayor's Court and entered a plea of not guilty. On July 2, 2012, the mayor's court certified the case and ordered that it be transferred to Wayne County Municipal Court. Arraignment in municipal court was set for July 11, 2012. While Manacapilli appeared in court on July 11, 2012, the arraignment was continued until July 18, 2012, at which time Manacapilli pleaded not guilty. Subsequently, on August 16, 2012, Manacapilli filed a motion to dismiss the charge on the basis that the speedy trial time had expired. The trial court denied the motion that same day.

{¶3} The matter proceeded to trial and Manacapilli was found guilty of speeding. She received a $150 fine and her license was suspended for six months.

{¶4} Manacapilli filed a timely notice of appeal. Now before this Court, Manacapilli raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED BY FAILING TO DISMISS THE CHARGE PURSUANT TO R.C. 2945.73.

{¶5} In her sole assignment of error, Manacapilli contends that the trial court erred in denying her motion to dismiss. We agree.

{¶6} In support of her assignment of error, Manacapilli argues that the trial court's failure to dismiss the charge against her contravened the Supreme Court of Ohio's interpretation of the speedy trial statutes articulated in *Brecksville v. Cook*, 75 Ohio St.3d 53 (1996). Manacapilli contends that, because she was not brought to trial in a timely manner as mandated by R.C. 2945.71, the charge against her should have been dismissed pursuant to R.C. 2945.73. The State concedes that the trial court erred in denying Manacapilli's motion to dismiss.

{¶7} R.C. 2945.71(A) states, "a person against whom a charge is pending in a court not of record, or against whom a charge of minor misdemeanor is pending in a court of record, shall be brought to trial within thirty days after the person's arrest or the service of summons." Pursuant to R.C. 2945.72(F), "[t]he time within which an accused must be brought to trial * * * may be extended only by * * * [a]ny period of delay necessitated by a removal or change of venue pursuant to law[.]" R.C. 2945.73(B) elaborates that "[u]pon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by [R.C. 2945.71[.]"

{¶8} In a case that directly informs our analysis in this matter, the Supreme Court of Ohio held that, while the transfer of a case from a mayor's court to municipal court does constitute "removal" as contemplated by R.C. 2945.72, the tolling period extends only from "the date of arrest or summons until the date of certification to the municipal court." *Brecksville v. Cook*, 75 Ohio St.3d 53, 58 (1996).

{¶9} Here, Manacapilli was cited for speeding on June 9, 2012. After Manacapilli initially appeared in Mount Eaton Mayor's Court, the case was certified to Wayne County Municipal Court on July 2, 2012. Thus, the speedy trial clock began to run on July 2, 2012, and it is inconsequential for speedy trial purposes that Manacapilli was not arraigned in the municipal court until July 18, 2012. *Cook*, 75 Ohio St.3d at 58. Pursuant to R.C. 2945.71, the State was required to bring Manacapilli to trial within 30 days of the July, 2, 2012 certification date. On August 16, 2012, prior to trial, Manacapilli filed a motion to dismiss on speedy trial grounds. Given that Manacapilli filed her motion well after the 30-day window had expired, the trial court erred by denying the motion and proceeding to trial.

{¶10} Manacapilli's assignment of error is sustained.

### III.

{¶11} Manacapilli's assignment of error is sustained. The judgment of the Wayne County Municipal Court is reversed and the cause remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

4

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

MOORE, P. J.
BELFANCE, J.
CONCUR.


APPEARANCES:

JOHN E. JOHNSON, JR., Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.