[Cite as *State v. Sexton*, 2014-Ohio-2314.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY   COUNTY

STATE OF OHIO                    :

                                       :       Appellate Case No. 25862

        Plaintiff-Appellee       :

                                       :       Trial Court Case No. 13-TRD-5998

v.                             :

                                       :

DANNY R. SEXTON         :       (Criminal Appeal from Kettering

                                     :       Municipal Court)

        Defendant-Appellant   :

                                       :

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of May, 2014.

. . . . . . . . . . .

GREGORY P. SPEARS, Atty. Reg. #0009002, City of Moraine Prosecutor's Office, 30 Wyoming Street, Dayton, Ohio 45409
      Attorney for Plaintiff-Appellee

R. PAUL CUSHION, II, Atty. Reg. #0037116, 75 Public Square, Suite 940, Cleveland, Ohio 44113
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.,

    **{¶ 1}**    Danny R. Sexton appeals from his conviction and sentence on one count of

failure to yield to a public-safety vehicle in violation of Moraine Municipal Code §331.21(A), a

fourth-degree misdemeanor.

{¶ 2}   Sexton advances three assignments of error. First, he contends the trial court violated his right to a jury trial. Second, he claims the trial court erred in denying his request for a continuance to identify and locate a potential witness. Third, he alleges a speedy-trial violation.

{¶ 3}   On May 29, 2013, Sexton was cited for a failure-to-yield violation and summoned to Moraine Mayor's Court. The case was transferred to Kettering Municipal Court on June 5, 2013. Arraignment originally was scheduled for June 17, 2013, but it was continued at Sexton's request. He subsequently entered a not-guilty plea on June 26, 2013. The trial court filed a July 2, 2013 entry setting the case for trial on July 10, 2013. At the State's request, the trial court granted a continuance. On July 5, 2013, trial was rescheduled for July 17, 2013. Thereafter, on July 9, 2013, the trial court filed an entry making note of the July 17, 2013 rescheduled trial date. On July 15, 2013, Sexton moved for a continuance of the "pretrial" set for July 17, 2013.[1] The following day, the trial court granted his request and rescheduled trial for July 24, 2013.

{¶ 4}   The case proceeded to trial as scheduled on July 24, 2013. At the outset of trial, Sexton requested a continuance to identify and locate a potential witness. The trial court denied the request. (Tr. at 5-8, 11). Sexton then orally requested a jury trial. The trial court denied that request as well. (*Id*. at 8-9). Finally, he raised a speedy-trial issue, which the trial court found to be without merit. (*Id*. at 9-11).The State then presented evidence establishing that Sexton failed to pull his vehicle to the right when a police cruiser approached from behind with lights and sirens activated. Instead, he slammed on his brakes in the left-hand lane and stopped directly in front of the cruiser, forcing the cruiser to pass on the right. (*Id*. at 17-25). The trial court found Sexton guilty. (*Id*. at 64). It imposed a partially-suspended fine and a partially-suspended jail

---

[1] Sexton apparently was referring to the trial scheduled for July 17, 2013.

sentence. (*Id*. at 67-67; Doc. #18). Sexton moved for a stay pending appeal. The trial court granted the motion subject to posting bond, which appears to have occurred.

{¶ 5} In his first assignment of error, Sexton challenges the trial court's denial of his request for a jury trial. In support, he argues that Kettering Municipal Court Local Rule 1.13 obligated him to file a written jury demand at least ten days before trial. According to Sexton, the trial court made compliance with the local rule impossible because its July 16, 2013 entry rescheduled his trial for July 24, 2013, only eight days later. Therefore, he asserts that the trial court unlawfully deprived him of a jury trial.

{¶ 6} We reject Sexton's argument for at least two reasons. First, the record reflects that the trial court originally filed a July 2, 2013 entry setting trial for July 10, 2013. A copy of that notice was sent to Sexton's attorney. Although that notice did not give Sexton ten days' notice, the trial date was continued twice. He was not tried until July 24, 2013, twenty-two days after the original entry setting a trial date. Therefore, Sexton had ample time to comply with Local Rule 1.13, which simply requires a jury demand to be filed no less than ten days before trial. Second, under Crim.R. 23, which was made applicable here by Traf.R. 9, Sexton was required to demand a jury trial in writing "not less than ten days prior to the date set for trial, *or on or before the third day following receipt of notice of the date set for trial, whichever is later*." (Emphasis added). Courts may only adopt "rules concerning local practice in their respective courts which are not inconsistent with rules promulgated by the Supreme Court." Section 5(B), Article IV of the Ohio Constitution. Therefore the three-day requirement of Crim.R. 23 applies. On Tuesday, July 16, 2013, the trial court sent defense counsel notice that trial had been reset for July 24, 2013. (Doc. #13). Sexton admits his attorney received notice of the rescheduled trial

date on July 18, 2013. (Appellant's brief at 6-7). Therefore, under the more lenient time requirement provided by Crim.R. 23, he could have demanded a jury trial as late as Tuesday, July 23, 2013, which, assuming for the sake of argument that the intervening weekend days do not count, was the "third day following receipt of notice of the date set for trial[.]" Sexton failed to do so. In fact, he never made a written jury demand. Therefore, the trial court did not err in overruling his oral motion on the day of trial. The first assignment of error is overruled.

{¶ 7}    In his second assignment of error, Sexton claims the trial court erred in denying his request for a continuance to identify and locate a potential witness. He argues that the ruling violated his constitutional right to compulsory process.[2]

{¶ 8}    The record reflects that on the day of trial, defense counsel requested a continuance to identify and locate a potential eyewitness to the incident in question. (Tr. at 5). Counsel explained that less than a week earlier Sexton had mentioned another driver possibly having seen the incident. The only information Sexton apparently possessed, however, was a general description of the unidentified driver's car. (*Id*. at 6). Defense counsel claimed Sexton had driven around town trying to spot the car. (*Id*.). The trial court denied a continuance, noting that it was unknown who the other driver was, what if anything the other driver had seen, or where the other car was located. (*Id*. at 6-8). We review the trial court's ruling for an abuse of discretion. *State v. Pigg*, 2d Dist. Montgomery No. 25549, 2013-Ohio-4722, ¶ 18.

{¶ 9}    Sexton argues that the trial court erroneously deprived him of his ability to subpoena the unidentified witness to provide exculpatory testimony. We disagree. Sexton admits

---

[2] In connection with this argument, Sexton claims he never received "actual notice" of the July 24, 2013 trial date. (Appellant's brief at 12). The record reflects, however, that notice of the new trial date was sent to Sexton's counsel. (Doc. #13). Moreover, Sexton admits his attorney became aware of the new trial date on July 18, 2013. (Appellant's brief at 6-7).

he knew neither the identity of the other driver nor the whereabouts of the other driver's car. (Appellant's brief at 13). Defense counsel conceded below that it could have been an out-of-town car. (Tr. at 6). Sexton also had no way of knowing what the unidentified driver saw. In our view, the trial court did not abuse its discretion in denying a last-minute motion for a continuance to identify and locate a phantom witness whose testimony was of unknown value. The second assignment of error is overruled.

{¶ 10} In his third assignment of error, Sexton alleges a speedy-trial violation. Specifically, he claims he was not tried within forty-five days as required by R.C. 2945.71(B)(1). Sexton argues that he was cited on May 29, 2013 and tried fifty-six days later in violation of the statute.

{¶ 11} Upon review, we see no speedy-trial violation. Speedy-trial time did not begin to run when Sexton was issued a citation and summons on May 29, 2013. Pursuant to R.C. 2945.72(F) and *Brecksville v. Cook*, 75 Ohio St.3d 53, 661 N.E.2d 706 (1996), the transfer of his case from Moraine Mayor's Court to Kettering Municipal Court constituted a "removal" that tolled speedy-trial time from the date of his summons until the date of certification to municipal court.[3] *Brecksville* at 57-58. Here Sexton received a summons with his citation on May 29, 2013. The Moraine Mayor's Court certified his case to Kettering Municipal Court on June 5, 2013 by filing a "judgment entry of transfer." Therefore, speedy-trial time did not begin to run until June 5, 2013.[4] Sexton was tried forty-nine days later on July 24, 2013. At least two additional tolling

[3] Pursuant to R.C. 2945.72(F), speedy-trial time is tolled "[f]or any period of delay necessitated by a removal[.]" In *Brecksville*, the Ohio Supreme Court reasoned that the transfer of a case from mayor's court to municipal court constitutes a "removal" under the statute.

[4] The State claims the case was not transferred until June 12, 2013. We disagree. The record plainly reflects a transfer from Moraine Mayor's Court on June 5, 2013.

events occurred, however, that were chargeable to Sexton. First, his arraignment in Kettering Municipal Court was continued at his request from June 17, 2013 until June 27, 2013. (Doc. #4). Second, the trial date was continued from July 17, 2013 to July 24, 2013 at his request.[5] (Doc. #13-14). This court has recognized that "R.C. 2945.72(H) tolls the statutory speedy trial time during '[t]he period of any continuance granted on the accused's own motion[.]'" *State v. Ramey*, 2012-Ohio-6187, 986 N.E.2d 462, ¶ 11 (2d Dist.).Taking the foregoing tolling events into account, Sexton was tried well within the time required by R.C. 2945.71(B)(1). The third assignment of error is overruled.

{¶ 12}   The judgment of the Kettering Municipal Court is affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and WELBAUM, J., concur.

Copies mailed to:

Gregory P. Spears
R. Paul Cushion, II
Hon. Thomas M. Hanna

---

[5]Sexton suggests on appeal that the State also requested this continuance. (Appellant's brief at 6 fn.1). We see nothing in the record to support his claim.