OPINION
{¶ 1} Bryan K. Campbell appeals from his conviction on two counts of assault on a peace officer, R.C. 2903.13(A) and (C)(3), fourth degree felonies, following a bench trial in the Ashtabula County Common Pleas Court. Because Campbell was not brought to trial within the 270 day time limit established by R.C. 2945.71(C)(2), his conviction must be reversed.
 {¶ 2} Campbell was arrested on May 19, 2002, and released on bond. Campbell failed to appear at his preliminary hearing on May 28, 2002. The court issued a capias and Campbell was arrested on May 29, 2002. The court revoked Campbell's bond and he remained in custody. Campbell's preliminary hearing and pretrial were rescheduled for June 5, 2002 and his case was bound over to the Ashtabula County Common Pleas Court.
 {¶ 3} On July 15, 2002, Campbell was indicted on two counts of assault on a peace officer. He was released from custody on a personal recognizance bond on July 19, 2002.
 {¶ 4} On July 25, 2002, Campbell entered a plea of not guilty by reason of insanity and filed a motion to determine competency to stand trial. The case was set for trial on October 2, 2002.
 {¶ 5} On the state's motion, the trial court revoked Campbell's bond on August 12, 2002 and ordered bond set at $25,000. Campbell did not post bond and was returned to custody.
 {¶ 6} As of September 19, 2002, the trial court had not received Campbell's psychological evaluation and the court orally advised Campbell that the trial would not proceed as scheduled on October 2, 2002, because there was no time for preparation.
 {¶ 7} On September 30, 2002, the trial court found Campbell competent to stand trial and the trial was rescheduled for November 13, 2002. On October 1, 2002, the trial court put on a judgment entry ordering the trial be rescheduled; however, the trial court failed to state any reason for the continuance.
 {¶ 8} On November 12, 2002, Campbell filed a motion to dismiss arguing his right to a speedy trial had been violated. The trial court denied Campbell's motion by entry filed January 15, 2003. Campbell was finally tried on February 11, 2003.
 {¶ 9} Campbell filed a timely appeal from his conviction asserting one assignment of error: "The trial court erred when overruling Appellant's motion to dismiss for violating Appellant's right to a speedy trial."
 {¶ 10} A person charged with a felony "[s]hall be brought to trial within two hundred seventy days after the person's arrest." R.C.2945.71(C)(2). "Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by section 2945.71 and 2945.72
of the Revised Code." R.C. 2945.73(B). "[S]uch discharge is a bar to any further criminal proceedings against him based on the same conduct." R.C. 2945.73(D).
 {¶ 11} We have consistently held that speedy trial statutes are to be strictly construed against the state. See, e.g., State v. Miller (1996),113 Ohio App.3d 606, 608.
 {¶ 12} We first must determine the date on which the 270 day time limit began to run. The parties agree Campbell has forfeited his right to count the days prior to his failure to appear for his preliminary hearing on May 28, 2002. R.C. 2945.72(D). That said, Campbell argues the time began to run on the day of his re-arrest, May 29, 2002. The state argues the time began to run on June 5, 2002, the day Campbell appeared for his preliminary hearing.
 {¶ 13} In State v. Bauer (1980), 61 Ohio St.2d 83, the Ohio Supreme Court stated:
 {¶ 14} "It is our conclusion that a defendant who fails to appear at a scheduled trial, and whose trial must therefore be rescheduled for a later date, waives his right to assert the provisions of R.C. 2945.71
through 2945.73 for that period of time which elapses from his initial arrest to the date he is subsequently rearrested." Id. at 85.
 {¶ 15} We have consistently held the speedy trial time commences to run from the date of re-arrest. See, e.g., State v. Peterson (Nov. 29, 1996), 11th Dist. No. 96-T-5456, 1996 Ohio App. LEXIS 5416, 10; State v.Smith (Sept. 20, 1993), 11th Dist. No. 91-T-4610, 1993 Ohio App. LEXIS 4793, 19. Therefore, the speedy trial time began to run upon the date of Campbell's re-arrest, May 29, 2002. Campbell was in custody from May 29, 2002 to July 19, 2002. Under the triple count provision of R.C. 2945.71(E), this period counts as 153 days. Campbell was free on a recognizance bond from July 19, 2002 to the date he filed his motion to determine competency, July 25, 2002. Thus, six more days are added to the 153 days for a total of 159 days.
 {¶ 16} We must next determine when the speedy trial time resumed its countdown after the trail court found Campbell competent to stand trial. Campbell contends the time began to run again on September 30, 2002, the date the trial court found him competent to stand trial. The state argues the time to bring Campbell to trial was extended until November 13, 2002, the earliest possible date the trial could be rescheduled because of Campbell's motion to determine competency.
 {¶ 17} In support of its argument, the state contends the trial court's October 1, 2002 judgment entry ordering the trial to be rescheduled amounted to a sua sponte continuance upon reasonable grounds. We disagree.
 {¶ 18} R.C. 2945.72(H) provides, "The time within which an accused must be brought to trial, * * * may be extended only by the following:
 {¶ 19} "(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.]"
 {¶ 20} In State v. Mincy (1982), 2 Ohio St.3d 6 the Ohio Supreme Court held, "When sua sponte granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the reasonstherefore by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial. (Emphasis added.) Id. at syllabus. See, also, State v. Stamper (1995),102 Ohio App.3d 431, 441, (stating, "* * * this court has consistently held that the running of the statutory time period can be tolled on the basis of a sua sponte continuance only when the trial court journalized an entry explaining the reasons for the delay.")
 {¶ 21} In the instant case, the trial court complied with the first requirement, i.e., it entered the order before the expiration of the time limit to bring appellant to trial; however, it failed to set forth the reasons for the continuance. And the fact that the reasons for the continuance set forth in the trial court's judgment denying appellant's motion to dismiss (after the fact) may have been proper grounds for a continuance under R.C. 2945.72(H), does not cure this defect.
 {¶ 22} The state, relying on State v. Pate (June 23, 1981) 10th Dist. No. 81AP-20, 1981 Ohio App. LEXIS 10282, argues the speedy trial deadline should be extended not only for the time in which the motion to determine competency was pending, but also by an additional period of time reasonably necessary to reschedule the trial. We disagree.
 {¶ 23} In State v. Palmer, 84 Ohio St.3d 103, 1998-Ohio-507, the Ohio Supreme Court held, "The tolling of R.C. 2945.72(B) continues until the trial court makes a competency determination * * *." Id. at paragraph two of the syllabus.
 {¶ 24} Pate is also distinguishable from the instant case. The defendant in that case filed his motion to determine competency one week before the scheduled trial date. Here, appellant filed his motion to determine competency five plus weeks before his scheduled trial and the motion was decided before the scheduled trial date.
 {¶ 25} In a remarkably similar case, we stated:
 {¶ 26} "Assuming that the state is correct that there was no time to arrange a February jury trial or that the state was ready to proceed in November 1995, the court only needed to file an entry prior to theexpiration of the statutory time limit stating that the case would becontinued until March because of its inability to seat a jury until thattime. Its failure to do so requires that appellant be discharged." Statev. Jones (1997), 119 Ohio App.3d 59, 67. (Emphasis added.)
 {¶ 27} In the instant case, 153 days elapsed between Campbell's re-arrest on May 29, 2002 and his July 19, 2002 release on bond. Six days elapsed between his release on bond and July 25, 2002, the date he filed his motion to determine competency. Thus, the state is charged with 159 days against the 270 days it had to bring Campbell to trial. The speedy trial time was tolled between July 25, 2002, and October 1, 2002 when the trial court entered its order finding appellant competent to stand trial and continuing the trial previously scheduled to begin October 2, 2002. Campbell was incarcerated between October 2, 2002 and November 12, 2002 (the date he filed his motion to dismiss); thus the triple count provision applies and the state is charged with 123 days. The time was again tolled between November 12, 2002 and January 15, 2003 when the trial court overruled appellant's motion to dismiss. Thus, between appellant's re-arrest on May 29, 2002 and the filing of his motion to dismiss, 282 days elapsed (159+123=282). The 270 days within which the state had to bring appellant to trial had expired before appellant filed his motion to dismiss.
 {¶ 28} In State v. Stamper (1995) 102 Ohio App.3d 431, Judge Christley of this court wrote:
 {¶ 29} "It is highly regrettable that someone such as the appellant should benefit by our observance of what many would consider a technicality. However, the concept of due process as embodied in the constitutional right to a speedy trial is found in both the Sixth
Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. It was even set forth in R.C. 2945.71 by our legislature as recently as 1981.
 {¶ 30} "The writers of the Constitution and our legislators obviously did not think the concept of a speedy trial was an insignificant technicality, and neither do we on this court. Thus, in such a situation as we now face, our concern must be with the preservation of the integrity of the legal process." Id. at 442.
 {¶ 31} For the foregoing reasons appellant's sole assignment of error has merit. The judgment of the Ashtabula County Common Pleas Court is reversed and judgment is entered for appellant.
O'Neill, J., concurs, Grendell, J., dissents with Dissenting Opinion.