[Cite as *State v. Whaley*, 2010-Ohio-4853.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 09 CO 30 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| WALTER WHALEY | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Criminal Appeal from the Court of Common Pleas of Columbiana County, Ohio Case No. 09 CR 2 |
| JUDGMENT: | Affirmed. |

APPEARANCES:

| | |
|---|---|
| For Plaintiff-Appellee: | Atty. Robert Herron Columbiana County Prosecutor Atty. John E. Gamble Assistant Prosecuting Attorney 105 South Market Street Lisbon, Ohio 44432 |
| For Defendant-Appellant: | Atty. Douglas A. King Hartford, Dickey & King Co., LPA 91 West Taggart Street P.O. Box 85 East Palestine, Ohio 44113 |

JUDGES:

Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: September 30, 2010

WAITE, J.

{¶1} Appellant, Walter P. Whaley, appeals his conviction for domestic violence claiming a statutory speedy trial violation occurred pursuant to R.C. 2945.71 et seq. Appellant filed a motion to dismiss on speedy trial grounds, but the motion was overruled. He then pleaded no contest to the charge and was sentenced by the Columbiana County Court of Common Pleas to two years in prison. Appellant acknowledges that he missed a pretrial hearing and that a warrant was then issued for his arrest, delaying the final trial date. Appellant contends that only a portion of the delay in the trial date should be attributed to him, and thus, according to his interpretation of the speedy trial statute, R.C. 2945.71 et seq., he should have been discharged. The state argues that this case is governed by *State v. Bauer* (1980), 61 Ohio St.2d 83, 84, 399 N.E.2d 555, which held that: "[A] defendant who fails to appear at a scheduled trial, and whose trial must therefore be rescheduled for a later date, waives his right to assert the provisions of R.C. 2945.71 through 2945.73 for that period of time which elapses from his initial arrest to the date he is subsequently rearrested." Id. at 85. *Bauer* applies to the facts of this case because Appellant failed to report to his probation officer and failed to appear at a scheduled hearing. Appellant was subsequently rearrested and trial was set for the next available date. These circumstances fit squarely within the parameters set by *Bauer*, hence the statutory speedy trial time between Appellant's initial arrest and the date he was rearrested is tolled. Based on that tolling event, the statutory speedy trial time did not

expire and the trial court was correct in overruling Appellant's motion to dismiss. The judgment of the trial court is affirmed.

## History of the Case

{¶2}   Appellant was arrested on December 27, 2008, after the Columbiana County Sheriff's Department investigated a domestic violence report at 7137 Hillview Drive in Hanover, Ohio.  On December 29, 2008, a criminal complaint was filed in the Columbiana County Municipal Court, charging Appellant with one count of domestic violence.  The victim listed in the complaint was Appellant's father, Donald Whaley. Appellant allegedly hit his father in the back of the head and threatened to kill him. Bond was set at $25,000.  Appellant appeared before the court on January 5, 2009, waived his preliminary hearing, and bond was changed to a $25,000 recognizance bond.  Two of the conditions of bond were that Appellant would have no contact with the victim and would appear in court at any date set for any proceeding.  After Appellant was released from jail, the case was bound over to the Columbiana County Grand Jury.

{¶3}   Appellant was indicted on February 25, 2009, on a third degree felony domestic violence charge, R.C. 2919.25(A).  The indictment stated that Appellant had previously been convicted of child endangering and that the victim was a family or household member.

{¶4}   The state could not deliver the summons and indictment to the address given by Appellant, which was the address of the victim, Donald Whaley, at 7137 Hillview Drive in Hanover.  The summons was converted to an arrest warrant, and

Appellant was arrested for the second time on April 20, 2009. Bond was reset at $25,000 cash, and trial counsel was appointed due to Appellant's indigence.

{¶5} On April 27, 2009, Appellant notified the court that his new address was 6163 Lusk Lock Road in Lisbon.

{¶6} On April 27, 2009, the court scheduled an oral hearing in the matter for May 8, 2009.

{¶7} Appellant remained in jail until April 28, 2009, and was again released on a recognizance bond of $25,000. The conditions of the bond required Appellant to report and be subject to the Adult Parole Authority, to have no contact with the victim, and to submit to home confinement and electronic monitoring.

{¶8} On April 30, 2009, Appellant failed to appear at a scheduled meeting with his probation officer at the Adult Parole Authority. On May 1, 2009, another arrest warrant was issued based on this failure.

{¶9} The court held its scheduled hearing on May 8, 2009. Appellant did not appear for the hearing, either. The court issued a judgment entry finding that Appellant was on home confinement with electronic monitoring, had failed to appear at the Adult Parole Authority, and that a bench warrant had been issued to arrest him.

{¶10} Appellant was arrested for a third time on May 14, 2009.

{¶11} On May 19, 2009, the state filed a request for discovery.

{¶12} On May 21, 2009, the court held a scheduling conference hearing. Trial was then set for August 10, 2009. (5/22/09 J.E.) The court ordered Appellant to

respond to the state's discovery request by June 19, 2009. Bond was set at $100,000. Appellant did not post bond and has remained incarcerated since May 14th.

**{¶13}** On July 22, 2009, Appellant filed a motion to dismiss due to the violation of his statutory speedy trial rights as set forth in R.C. 2945.71.

**{¶14}** On August 5, 2009, the state filed a motion to compel discovery.

**{¶15}** On August 7, 2009, Appellant responded to the state's discovery request.

**{¶16}** The court held a hearing on August 10, 2009, to resolve the motion to dismiss and it was overruled.

**{¶17}** On August 10, 2009, Appellant entered into a Crim.R. 11 plea agreement. He agreed to enter a plea of no contest to one count of domestic violence, R.C. 2919.25(A), a third degree felony. The state agreed to recommend a sentence of two years in prison. The court held a change of plea hearing and notified Appellant of the constitutional and nonconstitutional rights that he was waiving. Appellant was immediately sentenced to two years in prison. The court entered its judgment on August 10, 2009, and this appeal followed.

<u>ASSIGNMENT OF ERROR</u>

**{¶18}** "DEFENDANT/APPELLANT WAS DENIED HIS STATUTORY RIGHT TO A SPEEDY TRIAL."

**{¶19}** Appellant bases this appeal on the trial court's decision to overrule his motion to dismiss based on a violation of the speedy trial rights contained in R.C. 2945.71 to 2945.73.

**{¶20}** The Sixth Amendment to the United States Constitution provides that an "accused shall enjoy the right to a speedy and public trial." Section 10, Article I of the Ohio Constitution also provides a criminal defendant the right to a speedy public trial by an impartial jury.

**{¶21}** R.C. 2945.73(B) codifies a criminal defendant's right to a speedy trial and states: "Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code." A defendant charged with a felony must be brought to trial within 270 days of his or her arrest. R.C. 2945.71(C)(2). However, "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C. 2945.71(E). This is known as the triple count provision.

**{¶22}** A defendant establishes a prima facie case for dismissal once the statutory time limit has expired. *State v. Butcher* (1986), 27 Ohio St.3d 28, 30-31, 500 N.E.2d 1368. At that point, the state has the burden to demonstrate any extension or tolling of the time limit. Id. In this case, Appellant was initially arrested on December 27, 2008, and filed his motion to dismiss on July 22, 2009. This is a period of 208 days. Appellant was incarcerated at various times during this litigation, including continuous incarceration from May 14, 2009, onward. Each of these days

is counted as three days for statutory speedy trial purposes, thus bringing Appellant over the 270-day mark required to establish a prima facie case when calculated from his initial arrest on December 27, 2008.

**{¶23}** Appellant is not raising his constitutional right to speedy trial and is relying solely on the statutory provisions. Statutory speedy trial issues present mixed questions of law and fact. *State v. Hiatt* (1997), 120 Ohio App.3d 247, 261, 697 N.E.2d 1025. Therefore, reviewing courts must, "accept the facts as found by the trial court on some competent, credible evidence, but freely review the application of the law to the facts." Id. Courts then independently review whether an accused was deprived of his statutory right to a speedy trial, strictly construing the law against the state. *Brecksville v. Cook* (1996), 75 Ohio St.3d 53, 57, 661 N.E.2d 706.

**{¶24}** On review of an alleged speedy trial violation, the court must count the number of days that have passed and determine which party is responsible for any delay. *State v. High* (2001), 143 Ohio App.3d 232, 241, 757 N.E.2d 1176. R.C. 2945.72(A) provides that speedy trial time will be tolled when the accused is unavailable for hearings. R.C. 2945.72(D) tolls speedy trial time for "[a]ny period of delay occasioned by the neglect or improper act of the accused[.]" R.C. 2945.72(H) tolls the speedy trial time for "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.]"

**{¶25}** The time for speedy trial begins to run when an accused is arrested; however, the actual day of the arrest is not counted. *State v. Cross*, 7th Dist. No. MA 74, 2008-Ohio-3240, ¶17.

**{¶26}** Courts must "carefully examine the facts in the case to prevent a 'mockery of justice' by discharging defendants if in fact the delay was occasioned by their acts." *State v. Bauer* (1980), 61 Ohio St.2d 83, 84, 399 N.E.2d 555.

**{¶27}** Appellant and the state agree that, at most, 139 days of speedy trial time had elapsed prior to May 14, 2009, when Appellant was arrested for the third time in this case. Appellant remained incarcerated after that date, and his speedy trial clock would have expired on or about June 27, 2009 (using the triple count provision), unless there are any extensions or tolling events that apply. The question in this case is whether Appellant's failure to appear at a scheduled hearing on May 8, 2009, tolls any or all of the speedy trial time prior to the date of his scheduled trial, August 10, 2009.

**{¶28}** The state argued at trial and on appeal that the time prior to May 14, 2009, should be tolled and charged to Appellant. The state points out that Appellant violated the terms of his bond on April 30, 2009, resulting in the issuance of an arrest warrant, then he failed to appear at the next scheduled court hearing on May 8, 2009. Appellant was rearrested on May 14, 2009. The court held an oral conferencing hearing on May 21, 2009, and on that date the court set trial for the next available date.

**{¶29}** The state relies primarily on *State v. Bauer* to establish that the time prior to May 14, 2009, should be charged to Appellant. In *Bauer*, the defendant was arrested on October 24, 1976, for grand theft. He was released on a recognizance bond on October 29, 1976. Bauer was subsequently indicted on this charge and on additional charges of aggravated burglary and grand theft. His trial on the first charge was set for May 5, 1977. Bauer failed to appear when the matter came for disposition on that date. The trial court forfeited Bauer's appearance bond and issued a bench warrant for his arrest. Bauer was subsequently apprehended on June 5, 1977. Trial was rescheduled for September 26, 1977, and, on September 22, 1977, his counsel filed a motion to discharge Bauer under the provisions of R.C. 2945.71 et seq. The motion was denied. At trial, Bauer pleaded no contest to the charge of grand theft and was sentenced to one to five years in the Ohio State Penitentiary.

**{¶30}** The Ohio Supreme Court upheld the judgment of the trial court. *Bauer* explained that the proper focus of the court when attributing time delays under the speedy trial statute is to find the underlying source of the delay. Id. at 84. *Bauer* then analyzed the delays in the case in the light of R.C. 2945.72(D), which allows trial time to be tolled due to the "neglect or improper act of the accused". "[T]hrough his own design [the defendant] chose to shun this right and impede the prompt administration of this cause. [The defendant] will not be permitted to enjoy the protection of these statutes, as to a time period prior to his failure to appear, when by his actions he has waived their benefits." Id.

**{¶31}** The defendant in *Bauer* argued that the only part of the delay that should have been attributed to him was the time between his initial trial date, which he failed to attend, and the date of his recapture. Id. at 85. The *Bauer* Court rejected this argument. "We find this solution unworkable and inconsistent with the efficient administration of justice. There is no justification for a rule which could require a court to reschedule, within a few days after his rearrest, the trial of a defendant who has forfeited his appearance bond. Such a holding would not comport with the realities of congested court dockets which are typically set months in advance." Id.

**{¶32}** The *Bauer* Court determined that all the trial time from the initial arrest to the date of rearrest was attributable to the defendant: "It is our conclusion that a defendant who fails to appear at a scheduled trial, and whose trial must therefore be rescheduled for a later date, waives his right to assert the provisions of R.C. 2945.71 through 2945.73 for that period of time which elapses from his initial arrest to the date he is subsequently rearrested. In the instant cause, this includes the period of time between October 24, 1976, and June 5, 1977." Id.

**{¶33}** The facts of the instant case are remarkably similar to those in *Bauer*. Appellant was arrested, posted a recognizance bond, and was later indicted. He failed to appear at a scheduled hearing (as well as breaking other terms of his bond), and the case was continued until he could be apprehended. Shortly after he was apprehended, a final trial date was set, but the date was beyond the 270-day speedy trial period as measured from the date of his original arrest. Appellant filed a motion to dismiss on statutory speedy trial grounds, it was overruled, and he pleaded no

contest to the charge. Except for the fact that Appellant missed an intermediate hearing date rather than the final hearing date, this matter involves facts that are practically identical to the chain of events in *Bauer*.

**{¶34}** Although *Bauer* involved a defendant missing his final trial date, various courts have extended *Bauer* to include a variety of other missed appointments, hearings and court-ordered events. *State v. Gibson* (1992), 75 Ohio App.3d 388, 599 N.E.2d 438 (*Bauer* applied when defendant missed a scheduling conference); *State v. Eldridge*, 4th Dist. No. 02CA2842, 2003-Ohio-1198 (*Bauer* applied because defendant missed his arraignment); *State v. Campbell*, 11th Dist. No. 2003-A-0056, 2005-Ohio-3091 (*Bauer* applied when defendant missed a preliminary hearing); *State v. Evans* (Dec. 30, 1999), 12th Dist. No. CA98-11-237 (*Bauer* applied when defendant failed to appear at a hearing to resolve counsel's motion to withdraw).

**{¶35}** We ourselves continue to apply *Bauer* to a variety of situations in which a defendant fails to appear for scheduled court dates. In *State v. Napoli* (July 13, 1981), 7th Dist. No. 80 C.A. 50, we applied the holding of *Bauer* to a situation in which the defendant failed to appear at his preliminary hearing. In *State v. Captor* (Jan. 14, 1997), 7th Dist. No. 95-JE-40, we applied *Bauer* to a situation in which the defendant missed two preliminary hearings and a rescheduled trial date.

**{¶36}** *Bauer* directly applies to the situation which occurred in the instant case, and the entire time period from Appellant's initial arrest on December 27, 2008, until the day he was rearrested is attributable to Appellant. Appellant's trial date was set within the time allotted by R.C. 2945.71 as measured from his rearrest on May

14, 2009. Since there was no statutory speedy trial violation, the trial court was correct in overruling Appellant's motion to dismiss.

{¶37} It is also apparent that, even if we do not apply *Bauer* and look strictly to individual tolling events in the record, there is no speedy trial violation in this matter. The parties agree that, at most, 139 days of speedy trial time elapsed prior to May 14, 2009, at which time Appellant was rearrested and remained incarcerated. On May 19, 2009, the state filed a request for discovery. Appellant did not respond to the request, eventually requiring the state to file a motion to compel. R.C. 2945.72(D) extends the time for trial for "[a]ny period of delay occasioned by the neglect or improper act of the accused[.]" The Ohio Supreme Court has held that, "a defendant's failure to respond within a reasonable time to a prosecution request for reciprocal discovery constitutes neglect that tolls the running of speedy-trial time pursuant to R.C. 2945.72(D)." *State v. Palmer*, 112 Ohio St.3d 457, 2007-Ohio-374, 860 N.E.2d 1011, ¶24. The speedy trial time is charged to the defendant in this situation whether or not the state files a motion to compel discovery, but in this case the state did file such a motion. Appellant did not respond to the state's discovery request until August 7, 2009, which was only three days before the trial court overruled his motion to dismiss and three days before he entered his guilty plea to the charge of domestic violence. If we charge the time between May 14th and 19th, and between August 7th and 10th, to the state, that adds an additional 24 days to the speedy trial time (using the triple count provision). When added to the 139 days

attributable to the state prior to May 14, 2009, the total time expired was 163 days. This is well below the 270 days allowed by the speedy trial statute.

{¶38} The trial court was correct in overruling Appellant's motion to dismiss premised on a statutory speedy trial violation, and the judgment of conviction and sentence of the trial court is affirmed.

Vukovich, P.J., concurs.

DeGenaro, J., concurs in judgment only with concurring in judgment only opinion.

DeGenaro, J., concurring in judgment only, with concurring opinion:

**{¶39}** I agree with my colleagues that there is no speedy trial violation in this case because, at most, 163 days had run against the 270 days allowed by the statute. But I must respectfully dissent from their conclusion that the facts in this case are remarkably similar to *Bauer*, as well as their conclusion that the holding of *Bauer* should be extended to this case.

**{¶40}** For Appellant's failure to appear at the scheduling hearing, I would toll the speedy trial statute from May 8, 2009 until he was arrested on May 14, 2009, or 6 days. For several reasons, I would not hold that he waived the speedy trial time retroactive to his arrest on December 27, 2008.

**{¶41}** First, *Bauer* is distinguishable by the significant fact that the defendant there failed to show on the day of trial. And while it is impossible to determine from the opinion when the speedy trial time ran in *Bauer*, one could reasonably conclude it was close, based upon the following language in response to the defendant's argument that the time should toll, not waive the statute:

**{¶42}** "We find this solution unworkable and inconsistent with the efficient administration of justice. *There is no justification for a rule which could require a court to reschedule, within a few days after his rearrest, the trial of a defendant* who has forfeited his appearance bond. Such a holding would not comport with the realities of congested court dockets which are typically set months in advance." (emphasis added) *Bauer* at 84-85.

**{¶43}** For the Ohio Supreme Court, clearly the controlling factor was that the defendant failed to appear on the day of trial. And a reasonable inference is that a

secondary factor was that perhaps the state was up against the speedy trial date, and tolling the time would have still not left enough time within which to set a new trial date. Here, a trial date had not yet been set when Appellant failed to appear at the May 8, 2009 scheduling hearing. He did not fail to appear for trial. These circumstances do not warrant tolling the speedy trial retroactively from the date of Appellant's arrest for the offense on December 27, 2008. Thus, I would toll the speedy trial time for 6 days, from May 8, 2009 until May 14, 2009 when Appellant was arrested for his failure to appear.

{¶44} Second, four of the cases cited by the majority from this and other appellate districts, are factually distinguishable from this case. In *Gibson*, two trial dates had been set and continued on the defendant's motion for treatment in lieu of conviction and counsel's motion to withdraw. After those motions, the defendant failed to appear at two scheduling conferences and was arrested out of state. This appeared to be a significant fact to the Third District, as it first cited to *Bauer* for the following proposition: "The Supreme Court of Ohio has held that an accused who escapes the jurisdiction, thereby rendering himself inaccessible to the court, waives his right to a speedy trial." *Gibson* at 391.

{¶45} As in *Bauer*, the defendant in *Evans* and *Captor*, a Seventh District case, failed to appear at trial. And in *Eldridge*, although the defendant failed to appear at his arraignment, he was not arrested until over one year after the scheduled arraignment date.

**{¶46}** Admittedly, I cannot factually distinguish this case from the Eleventh District's *Campbell* or from this Court's *Napoli* case. Yet, I can distinguish them from a philosophical standpoint. Only the time from the defendant's non-appearance until his arrest for that omission should toll the speedy trial time; it should not toll the statute retroactively to the original arrest date. Such a severe sanction should only occur in the rare cases, where, as in *Bauer*, *Evans* and *Captor*, the defendant failed to appear at trial. Courts should not permit defendants to game the system by having a trial date set close to the speedy trial deadline, and then not appear at trial, in the hopes that the court's docket precludes resetting the case within the remaining time.

**{¶47}** It is interesting to note that in *Campbell*, the state argued that *Bauer* should be extended to tolling the speedy trial statute not just until the defendant is arrested for his non-appearance, but until the date of the rescheduled court proceeding. The Eleventh District rejected that argument, holding that the triggering date for tolling purposes is the defendant's re-arrest. *Campbell* at ¶15 Even more noteworthy, the court discharged the defendant, ultimately concluding the speedy trial statute had run. Id. at ¶27.

**{¶48}** Here, as in *Campbell, Napoli,* and perhaps even in *Eldridge*, I would have held that only the time from the defendant's non-appearance until his re-arrest for that absence tolls the speedy trial statute. In *Campbell* it would not have changed the outcome. In *Napoli* and *Eldridge*, it would have resulted in the defendant's discharge. But whether or not I would have ultimately joined the majority in *Eldridge* is a closer call given the standard of review, as articulated by the Fourth District:

**{¶49}** "Our review of a trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact. *State v. Brown* (1998), 131 Ohio App.3d 387, 391, 722 N.E.2d 594; *State v. Kuhn* (June 10, 1998), Ross App. No. 97CA2307. We accord due deference to the trial court's findings of fact if supported by competent, credible evidence. However, we independently review whether the trial court properly applied the law to the facts of the case. Id. Furthermore, when reviewing the legal issues presented in a speedy trial claim, we must strictly construe the relevant statutes against the state. *Brecksville v. Cook*, 75 Ohio St.3d 53, 57, 1996-Ohio-171, 661 N.E.2d 706." *Eldridge* at ¶5.

**{¶50}** The conduct of Appellant does not rise to the level of "imped[ing] the prompt administration" of his case as the conduct of the defendant did in *Bauer*, and cautioned against by the Ohio Supreme Court. I would not extend *Bauer* here. We should not be so quick to curtail the right to a speedy trial, as acknowledged by the Eleventh District:

**{¶51}** "[T]he concept of due process as embodied in the constitutional right to a speedy trial is found in both the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. It was even set forth in R.C. 2945.71 by our legislature as recently as 1981.

**{¶52}** "The writers of the Constitution and our legislators obviously did not think the concept of a speedy trial was an insignificant technicality, and neither do we on this court. Thus, in such a situation as we now face, our concern must be with the

preservation of the integrity of the legal process." *State v. Campbell*, 11th Dist. No. 2003-A-0056, 2005-Ohio-3091, at ¶29-30, quoting *State v. Stamper* (1995), 102 Ohio App.3d 431, 442, 657 N.E.2d 365.

**{¶53}** Here, the speedy trial statute was tolled by the response time to the state's discovery request (80 days), filing the speedy trial motion (an additional 3 days), and Appellant's failure to appear at the May 8, 2009 scheduling hearing until he was re-arrested on May 14, 2009 (6 days). Given these tolling events, Appellant's August 11, 2009 trial date was within the 270 day speedy trial time. For this reason, I concur with the majority's judgment that there was no speedy trial violation in this case.