[Cite as *State v. Mahan*, 2023-Ohio-4520.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| NATHANIEL C. MAHAN | : | Case No. 23-CA-19 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:             Appeal from the Municipal Court
                                     Case No. 23-CRB-139




JUDGMENT:                            Affirmed




DATE OF JUDGMENT:                    December 13, 2023




APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

JOSEPH M. SABO                        SCOTT P. WOOD
136 West Main Street                  120 E. Main Street
P.O. Box 1008                         Suite 200
Lancaster, OH  43130                  Lancaster, OH  43130

*King, J.*

{¶ 1}   Defendant-Appellant Nathaniel Mahan appeals the April 3, 2023 judgment of the Lancaster Municipal Court. Plaintiff-Appellee is the state of Ohio.

## Facts and Procedural History

{¶ 2}   A recitation of the underlying facts is not necessary to our resolution of this appeal. Mahan raises a speedy-trial challenge. The parties do not dispute the following timeline as set forth in the trial court's judgment entry denying Mahan's motion to dismiss.

{¶ 3}   On January 27, 2023 Mahan was arrested and charged with a misdemeanor of the first degree and two misdemeanors of the second degree.

{¶ 4}   On January 30, 2023, Mahan was arraigned and released on bond with conditions. Bond conditions required Mahan to submit to drug screening with the probation department once a week and to have no contact with the alleged victims.

{¶ 5}   On January 31, 2023, Mahan made a demand for a jury trial.

{¶ 6}   On February 1, 2023, the trial court set Mahan's trial for March 7, 2023. He was provided court-appointed counsel the next day.

{¶ 7}   On February 3, 2023, court-appointed counsel filed a demand for discovery and a demand for a jury trial. The state responded to Mahan's request for discovery on February 6, 2023.

{¶ 8}   On February 7, 2023, the trial court rescheduled Mahan's jury trial to March 30, 2023. A settlement conference was scheduled for March 21, 2023. The state issued subpoenas for the jury trial on February 8, 2023.

{¶ 9} On March 1, 2023, the Fairfield County Municipal Court Probation Department filed a motion to revoke Mahan's bond stating Mahan had failed to appear for drug testing on four occasions in February and had violated the court's no contact order. Mahan was arrested the same day.

{¶ 10} On March 2, 2023, the trial court found probable cause that Mahan had violated the terms and conditions of his bond, set a $50,000 cash/surety 10% bond, and continued all other conditions. Mahan remained incarcerated.

{¶ 11} The settlement conference proceeded as scheduled on March 21, and Mahan's trial remained set for March 30.

{¶ 12} On March 27, 2023, during the final status conference, counsel for Mahan delivered a motion to dismiss to counsel for the state. The motion alleged a violation of Mahan's right to a speedy trial. The trial court heard arguments, then granted the state leave to file a written response.

{¶ 13} On March 29, 2023, the state filed its response.

{¶ 14} On March 30, the trial court denied Mahan's motion to dismiss.

{¶ 15} On April 3, 2023, Mahan entered pleas of no contest and was sentenced.

{¶ 16} Mahan filed an appeal, and the matter is now before this court for consideration. He raises one assignment of error as follows:

I

{¶ 17} "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS BASED ON THE STATE'S FAILURE TO BRING APPELLANT TO TRIAL PURSUANT TO HIS STATUTORY RIGHT TO A SPEEDY TRIAL."

{¶ 18} In his sole assignment of error, Mahan argues the trial court erred in denying his motion to dismiss based on a violation of his right to a speedy trial. We disagree.

Applicable Law

{¶ 19} Speedy trial provisions are mandatory and are encompassed within the Sixth Amendment to the United States Constitution. The availability of a speedy trial to a person accused of a crime is a fundamental right made obligatory on the states through the Fourteenth Amendment. *State v. Ladd*, 56 Ohio St.2d 197, 200, 383 N.E.2d 579 (1978). "The statutory speedy trial provisions, R.C. 2945.71 et seq., constitute a rational effort to enforce the constitutional right to a public speedy trial of an accused charged with the commission of a felony or a misdemeanor and shall be strictly enforced by the courts of this state." *State v. Pachay*, 64 Ohio St.2d 218, 416 N.E.2d 589 (1980), syllabus.

{¶ 20} The review of a trial court's decision granting a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact. *State v. Larkin*, 5th Dist. Richland No. 2004-CA-103, 2005-Ohio-3122, 2005 WL 1463255, ¶ 11. As an appellate court, we must accept as true any facts found by the trial court and supported by competent, credible evidence. *State v. Taylor*, 5th Dist. Richland No. 16 CA 17, 2016-Ohio-5912, 2016 WL 5118653, ¶ 43, citing *Larkin*, supra.

{¶ 21} With regard to the legal issues, however, we apply a de novo standard of review and thus freely review the trial court's application of the law to the facts. *Id.* When reviewing the legal issues presented in a speedy-trial claim, we must strictly construe the relevant statutes against appellee. *Brecksville v. Cook*, 75 Ohio St.3d 53, 57, 661 N.E.2d

706, 709 (1996); *State v. Colon*, 5th Dist. Stark No. 09-CA-232, 2010-Ohio-2326, 2010 WL 2060900, ¶ 12.

{¶ 22} Pursuant to R.C. 2945.71(B)(2), a person charged with a misdemeanor of the first or second degree must be brought to trial within 90 days after the person's arrest or the service of summons.

{¶ 23} Under the "triple-count provision" contained in R.C. 2945.71(E), each day a defendant spends in jail in lieu of bail counts as three days in the speedy trial time calculation. When reviewing a speedy trial question, an appellate court must count the number of delays chargeable to each appellant and appellee. Next, the appellate court must determine whether the number of days not tolled exceeded the time limits under R.C. 2945.71. *State v. Ferrell*, 8th Dist. Cuyahoga No. 93003, 2010-Ohio-2882, ¶20. When reviewing legal issues presented in a speedy trial claim, we must strictly construe the relevant statutes against the state. *Brecksville v. Cook*, 75 Ohio St.3d 53, 57, 661 N.E.2d 706, 709 (1996); *State v. Colon*, 5th Dist. Stark No. 09-CA-232, 2010-Ohio-2326, ¶12.

{¶ 24} Certain events toll the accumulation of speedy-trial time. R.C. 2945.72 states in relevant part:

> The time within which an accused must be brought to trial, or, in the
> case of felony, to preliminary hearing and trial, may be extended only
> by the following:
> * * * *.

(D) Any period of delay occasioned by the neglect or improper act of

the accused;

(E)Any period of delay necessitated by reason of a plea in bar or

abatement, motion, proceeding, or action made or instituted by the

accused;

* * * *.

Analysis

{¶ 25} As mentioned above, the parties agree on the timeline. The point of disagreement pertains to calculations from March 2, 2023 forward. Mahan argues that as of March 19, 2023 speedy trial time had been exceeded. We disagree.

{¶ 26} Mahan was arrested on January 27, 2023. While statutory speedy-trial period begins to run on the date the defendant is arrested, the date of arrest is not counted when calculating speedy-trial time. *State v. Wells*, 8th Dist. Cuyahoga No. 98388, 2013-Ohio-3722, ¶44, citing *State v. Tatum*, 3d Dist. Seneca No. 13-10-18, 2011-Ohio-3005.

{¶ 27} Mahan remained incarcerated on January 28, 29, and 30, 2023 and thus received 3-for-one credit for those days. He was released on bond on January 30, 2023. January 28-31, 2023 = 10 days elapsed.

{¶ 28} On February 3, 2023, Mahan filed a motion for discovery tolling time at 13 days. The state responded to Mahan's request on February 6, 2023. Twenty-two days remained in February, 2023. 13+22 = 35 days elapsed.

{¶ 29} On March 1, 2023, the probation department filed a motion to revoke Mahan's bond. The motion was occasioned by an improper act by Mahan and tolled time

at 35 days. *State v. Simmons*, 8th Dist. Cuyahoga No. 96208, 2011-Ohio-6074 ¶ 14. On March 2, 2023, the trial court found Mahan had violated the terms of his bond. Mahan remained incarcerated.

{¶ 30} It is at this point that the parties disagree on speedy trial calculation. According to Mahan, he began to accrue triple count credit when he was reincarcerated and therefore he should have been tried no later than March 19, 2023. March 2 through March 19 = 18 days. 18x3=54. 54+35=89.

{¶ 31} In *State v. Bauer*, 61 Ohio St.2d 83, 85, 399 N.E.2d 555 (1980) (per curiam), the Supreme Court of Ohio found that a defendant who fails to appear at a scheduled trial, and whose trial must therefore be rescheduled for a later date, waives his right to assert the provisions of R.C. 2945.71 through 2945.73 for that period of time which elapses from his initial arrest to the date he is subsequently rearrested.

{¶ 32} Mahan argues that because he did not fail to appear for trial, the *Bauer* rule is inapplicable. However, this court examined a speedy trial question involving facts very similar to the case at bar in *State v. Barcus*, 5th Dist. No. 15-CA-12, 2015-Ohio-2255. In that matter we noted broader applications of *Bauer*:

> "Although *Bauer* involved a defendant missing his final trial date, various courts have extended Bauer to include a variety of other missed appointments, hearings, and court-ordered events." *State v. Whaley*, 7th Dist. Columbiana No. 09 CO 30, 2010-Ohio-4853, ¶ 34, citing *State v. Gibson*, 75 Ohio App.3d 388, 599 N.E.2d 438 (1992) (*Bauer* applied when defendant missed a scheduling conference);

*State v. Eldridge*, 4th Dist. No. 02CA2842, 2003-Ohio-1198 (*Bauer* applied because defendant missed his arraignment); *State v. Campbell*, 11th Dist. No.2003-A-0056, 2005-Ohio-3091 (*Bauer* applied when defendant missed a preliminary hearing); *State v. Evans*, 12th Dist. No. CA98–11–237, (Dec. 30, 1999) (*Bauer* applied when defendant failed to appear at a hearing to resolve counsel's motion to withdraw).

{¶ 33} *Barcus.* ¶ 29.

{¶ 34} As in the instant matter, the defendant in *Barcus* did not fail to show for a scheduled trial date as did the defendant in *Bauer* and its progeny. Rather, like Mahan, the defendant in *Barcus* was arrested and incarcerated for failing to comply with the conditions of his bond. In analyzing the matter, we noted:

> [S]peedy-trial questions turn upon their facts as observed by the *Bauer* court: "[T]he proper focus of a court in circumstances such as these is upon the underlying source of the delay. In a situation where it is alleged that the defendant is the cause for the delay, the court * * * [should] carefully examine the facts in the case to prevent a 'mockery of justice' by discharging defendants if in fact the delay was occasioned by their acts." *Bauer*, supra, 61 Ohio St.2d at 84, citing *People v. Fosdick*, 36 Ill.2d 524, 528–529, 224 N.E.2d 242 (1967).

{¶ 35} *Barcus* ¶ 34

{¶ 36} Mahan cites a few cases wherein *Bauer* has been found inapplicable. We find, however, that *Bauer* and *Barcus* are applicable to the facts of this case. While it is accurate that the state was not required to reschedule Mahan's trial, the trial date had been scheduled for a month before Mahan was arrested and jailed on the bond violation. Had Mahan not violated his bond conditions, his trial date would have been well within the speedy trial deadline. The source of delay here was Mahan's actions. Mahan askes this court to force trial courts to reschedule a previously set trial date to an earlier date based on the improper acts of a defendant. We decline to do so in this instance as such a ruling would be inconsistent with the efficient administration of justice, and inconsistent with the realities of congested municipal court dockets. We therefore affirm the trial court's decision finding that pursuant to *Bauer* and *Barcus*, the speedy trial clock restarted upon Mahan's arrest on March 1, 2023.

{¶ 37} The sole assignment of error is overruled.

By King, J.,

Delaney, P.J. and

Baldwin, J. concur.