[Cite as *State v. Corbette*, 2025-Ohio-2817.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 2024 CA 00058 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Licking County Court of Common Pleas, Case No. 2023 CR 00255 |
| EDWARD D. CORBETTE III., | |
| Defendant – Appellant | Judgment:   Affirmed |
| | Date of Judgment Entry:  August 8, 2025 |

**BEFORE:** Craig R. Baldwin; Andrew J. King; Robert G. Montgomery, Appellate Judges

**APPEARANCES:** KENNETH W. OSWALT, for Plaintiff-Appellee; MICHAEL R. DALSANTO, for Defendant-Appellant.

OPINION

*Baldwin, P.J.*

**{¶1}**   The appellant, Edward D. Corbette, III, appeals his conviction and sentence for Breaking and Entering and Theft in the Court of Common Pleas of Licking County, Ohio. The appellee is the State of Ohio.

**STATEMENT OF FACTS AND THE CASE**

**{¶2}**   On August 26, 2022, the appellant was arrested in case number 2022 CR 00559, the predecessor to the case at bar.

**{¶3}**   On August 29, 2022, the trial court released the appellant on a personal recognizance bond.

{¶4} On September 27, 2022, the appellant failed to appear at his arraignment.

{¶5} On September 28, 2022, the appellant appeared before the trial court. The trial court recalled the warrant and continued his personal recognizance bond.

{¶6} On October 11, 2022, the appellant appeared for arraignment and entered a plea of not guilty. He indicated that he planned to hire private counsel.

{¶7} On December 13, 2022, the appellant filed an affidavit of indigency and obtained court-appointed counsel.

{¶8} On December 29, 2022, the appellant requested discovery.

{¶9} On January 6, 2023, the State responded to the discovery request.

{¶10} On January 12, 2023, the appellant filed a notice of intent to plead guilty and expressly waived his right to a speedy trial.

{¶11} On February 23, 2023, the appellant filed a Motion to Continue and reschedule the matter for a jury trial. The trial court granted the motion, setting the trial date for April 6, 2023.

{¶12} On April 3, 2023, the State moved for a continuance due to the unavailability of a witness. The court denied the motion. The State then moved to dismiss case 2022 CR 00559.

{¶13} On April 13, 2024, the Licking County Grand Jury indicted the appellant in case number 2023 CR 00255 for Theft in violation of R.C. 2913.02(A)(1).

{¶14} On April 17, 2023, the Licking County Sheriff served the appellant with a copy of the indictment.

{¶15} On May 2, 2023, the appellant failed to appear for his arraignment.

{¶16} On May 4, 2023, the appellant was arrested.

{¶17} On May 5, 2023, the appellant appeared before the trial court, which set bond.

{¶18} On May 9, 2024, the State issued a superseding indictment charging the appellant with two counts of Breaking and Entering in violation of R.C. 2911.13 and one count of Theft in violation of R.C. 2913.02.

{¶19} On May 10, 2023, the appellant received court-appointed counsel.

{¶20} On May 11, 2023, the appellant posted bond and was released.

{¶21} On July 5, 2023, the appellant requested discovery.

{¶22} On July 10, 2023, his counsel withdrew.

{¶23} On July 12, 2023, the trial court appointed new counsel. The appellant filed a motion to continue for a jury trial. The trial court set a pretrial conference for August 25, 2023, and a trial for September 6, 2023.

{¶24} On August 25, 2023, the appellant failed to appear for the pretrial conference.

{¶25} On September 13, 2023, the second court-appointed attorney withdrew from the case.

{¶26} On February 13, 2024, the appellant was arrested.

{¶27} On February 14, 2024, the trial court set bond for the appellant.

{¶28} The appellant was held solely on this case from February 23, 2024, until April 18, 2024.

{¶29} On May 20, 2024, the appellant filed a motion to dismiss the indictment.

{¶30} On June 3, 2024, the State filed a response.

{¶31} On June 4, 2024, the appellant filed a reply.

**{¶32}** On June 5, 2024, the matter proceeded to a bench trial.

**{¶33}** At trial, C.D. testified that he lived on Blue Jay Road in Newark, Licking County, Ohio. The property has a pole barn, which a friend used to store a UTV. C.D. lived in his camper on the property.

**{¶34}** On August 9, 2022, C.D. discovered the UTV had been stolen. Security footage showed two men in the barn around 4:00 a.m., and engine noise could be heard. C.D. did not authorize anyone to be on the property except a friend, Chase, who was staying in the camper.

**{¶35}** Next, D.M. testified that he owned the UTV and kept it on C.D.'s property. He identified the property recovered by the police as his. D.M. testified he had no interaction with the appellant.

**{¶36}** Detective Nathan Clark then testified that he works for the Licking County Sheriff's Office and that he has been there for about twelve years. His sergeant at the time assigned him to the case and provided him with a video from the security cameras and a photograph of the stolen UTV. Detective Clark immediately recognized one of the men in the video as William Chesser.

**{¶37}** Detective Clark went to Chesser's last known address. He could see a UTV matching the one stolen from C.D.'s barn. The resident showed the detective that Chesser was in a shed. Detective Clark then placed Chesser under arrest. Detective Clark identified the appellant and testified that he was at Chesser's last known address when he arrived. The appellant was also present at C.D.'s property when Chesser took the UTV.

**{¶38}** The trial court found the appellant guilty on all counts.

**{¶39}** On August 13, 2024, the appellant filed a pro se request to file a delayed appeal, which this Court granted.

**{¶40}** The appellant raised the following errors on appeal:

**{¶41}** "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT FAILED TO GRANT APPELLANT'S MOTION TO DISMISS BECAUSE THREE HUNDRED AND TWENTY-TWO DAYS OF SPEEDY TRIAL TIME HAD ELAPSED AS OF THE JUNE 5th BENCH TRIAL, IN VIOLATION OF R.C. §2945.71."

**{¶42}** "II. THE TRIAL COURT'S FINDINGS THAT THE APPELLANT WAS COMPLICIT IN COMMITTING VIOLATIONS OF R.C. §2911.13 AND R.C. §2913.02 WERE AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

**{¶43}** "III. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT FAILED TO MERGE COUNT 2 (BREAKING & ENTERING – R.C. §2911.13) AND COUNT 3 (THEFT – 2913.02) BECAUSE THEY ARE ALLIED OFFENSES OF SIMILAR IMPORT."

**I.**

**{¶44}** In the appellant's first assignment of error, the appellant argues the trial court erred in denying his motion to dismiss on speedy-trial grounds. We disagree.

**STANDARD OF REVIEW**

**{¶45}** A speedy-trial claim involves a mixed question of law and fact. *State v. Larkin*, 2005-Ohio-3122, ¶11 (5th Dist.). As an appellate court, we must accept as true any facts found by the trial court and supported by competent, credible evidence. With regard to legal issues, however, we apply a de novo standard of review and thus freely review the trial court's application of the law to the facts. *Id*. When reviewing the legal

issues presented in a speedy-trial claim, we must strictly construe the relevant statutes against the state. *Brecksville v. Cook*, 1996-Ohio-171.

**ANALYSIS**

**{¶46}** Speedy-trial provisions are mandatory and are encompassed within the Sixth Amendment to the United States Constitution. The availability of a speedy trial to a person accused of a crime is a fundamental right made obligatory on the state through the Fourteenth Amendment. *State v. Ladd*, 56 Ohio St.2d 197, 200 (1978). "The statutory speedy trial provisions, R.C. 2945.71 et seq., constitute a rational effort to enforce the constitutional right to a public speedy trial of an accused charged with the commission of a felony or a misdemeanor and shall be strictly enforced by the courts of this state." *State v. Pachay*, 64 Ohio St.2d 218, syllabus (1980). Pursuant to R.C. 2945.73, a person who is not brought to trial within the proscribed time periods found in R.C. 2945.71 and R.C. 2945.72 "shall be discharged" and further criminal proceedings based on the same conduct are barred.

**{¶47}** R.C. 2945.71(C)(2) requires "[a] person against whom a charge of felony is pending * * * be brought to trial within two hundred seventy days after his arrest." The appellant contends he was not brought to trial within 270 days of his arrest. R.C. 2945.71(E) provides "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days."

**{¶48}** Here, the appellant filed a notice of intent to plead guilty, which included an express provision waiving speedy trial time in case number 2022 CR 00559. The waiver did not mention a specific time period and, therefore, was unlimited in duration. *State v. Miller*, 2017-Ohio-5728, ¶29 (5th Dist.); quoting *State v. Bray*, 2004-Ohio-1067, ¶9 (9th

Dist.). Furthermore, the waiver did not include a specific date as the starting point for the tolling of time. As such, "the waiver is deemed to be effective from the date of arrest." *State v. Buck*, 2017-Ohio-273, ¶11 (9th Dist.). As a result, the waiver from case number 2022 CR 00559 was effective from the date of the arrest and continued through the date of the dismissal (i.e., August 26, 2022, through April 3, 2023). The speedy-trial time did not begin to run again until the State re-filed its charges against the appellant (April 13, 2023). *State v. Broughton*, 62 Ohio St.3d 253, 259-60 (1991).

**{¶49}** As noted above, the State re-indicted the appellant on April 13, 2023. The re-indictment would have started the speedy-trial clock; however, the appellant failed to appear at the pretrial conference on August 25, 2023. The Supreme Court of Ohio has found that a defendant who fails to appear at a scheduled trial, and whose trial must be rescheduled for a later date, waives his right to assert the provisions of R.C. 2945.71 through R.C. 2945.73 for that period of time which elapses from his initial arrest to the date he is subsequently rearrested. *State v. Bauer*, 61 Ohio St.2d 83 (1980). Even though *Bauer* involved a defendant missing his final trial date, courts have extended *Bauer* to include other missed appointments, hearings, and court-ordered events. *State v. Whaley*, 2010-Ohio-4853, ¶34 (7th Dist.), citing *State v. Campbell*, 2005-Ohio-3091 (11th Dist.) (*Bauer* applied when the defendant missed a preliminary hearing); *State v. Evans*, 1999 WL 1271643 (12th Dist. December 30, 1999) (*Bauer* applied when defendant failed to appear at a hearing to resolve counsel's motion to withdraw). In accordance with *Bauer* and its progeny, we restart the speedy-trial time upon his arrest on February 13, 2024.

**{¶50}** The appellant was held for this case and other cases from February 13, 2024, until February 23, 2024, resulting in ten-days of speedy-trial time. On February 23,

2024, the appellant requested appointed counsel. So, time is tolled until the trial court appoints counsel. R.C. 2945.72(C). Therefore, from February 23, 2024, until February 27, 2024, time is tolled. From February 27, 2024, until April 10, 2024, the appellant receives triple credit for only being held on this case [forty-three days times three, or 129 days]. From April 10, 2024, time is tolled due to two sua sponte continuances due to other trials and a discovery response from the appellant until June 5, 2024. R.C. 2945.72(H); *State v. Brown*, 2002-Ohio-7040, syllabus. The trial occurred on June 5, 2024.

{¶51} The appellant's speedy-trial credit through the date of trial on June 5, 2024, totals 139 days. The appellant was tried within the statutory time limit.

{¶52} Accordingly, the appellant's first assignment of error is overruled.

## II.

{¶53} In the appellant's second assignment of error, the appellant argues that his convictions were not based on sufficient evidence and were against the manifest weight of the evidence presented. We disagree.

## STANDARD OF REVIEW

{¶54} The appellant challenges his convictions on both manifest weight and sufficiency of the evidence grounds. Sufficiency of the evidence was addressed by the Supreme Court of Ohio in *State v. Worley*, 2021-Ohio-2207, ¶57:

> The test for sufficiency of the evidence is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492

(1991), paragraph two of the syllabus, *superseded by constitutional amendment on grounds as stated in State v. Smith*, 80 Ohio St.3d 89, 102, 684 N.E.2d 668 (1997), fn. 4, and following *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). " 'Proof beyond a reasonable doubt' is proof of such character that an ordinary person would be willing to rely and act upon it in the most important of the person's own affairs" R.C. 2901.05(E). A sufficiency-of-the-evidence challenge asks whether the evidence adduced at trial "is legally sufficient to support the jury verdict as a matter of law." *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596, ¶219.

**{¶55}** Thus, a review of the constitutional sufficiency of the evidence to support a criminal conviction requires a court of appeals to determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

**{¶56}** Manifest weight of the evidence, on the other hand, addresses the evidence's effect of inducing belief. *State v. Thompkins*, 78 Ohio St. 3d 380 (1997). The Court stated:

> Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight

is not a question of mathematics, but depends on its *effect in inducing belief.*" (Emphasis added.) Black's, *supra*, at 1594.

*Id*. at 387.

The Court stated further:

When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the manifest weight of the evidence, the appellate court sits as a " 'thirteenth juror' " and disagrees with the fact finder's resolution of the conflicting testimony. *Tibbs*, 457 U.S. at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661. See, also, *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720-721 ("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.").

*Id*.

"* * *[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts.

* * *

"If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment."

*Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80 (1984), fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review Section 60, at 191-192 (1978).

## ANALYSIS

{¶57} R.C. 2911.13 states, in pertinent part:

(A)    No person by force, stealth, or deception, shall trespass in an unoccupied structure, with purpose to commit therein any theft offense, as defined in section 2913.01 of the Revised Code, or any felony.

(B)    No person shall trespass on the land or premises of another, with purpose to commit a felony.

R.C. 2913.02 states, in pertinent part:

(A)    No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:

(1)    Without the consent of the owner or person authorized to give consent[.]

R.C. 2923.03 states, in pertinent part:

(A)    No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:

* *

(2)     Aid or abet another in committing the offense[.]

**{¶58}** In the case sub judice, the State produced security footage of both the appellant and his accomplice, Chesser, inside C.D.'s pole barn using a flashlight and looking around together. C.D. testified that the stolen UTV was parked inside that barn. The UTV was recovered at Chesser's residence the next day. The appellant was also present at Chesser's residence when the UTV was recovered. While the video did not show appellant driving the UTV out of the pole barn, it showed the appellant and Chesser working together. A rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt under the State's Complicity theory. Our review of the record fails to persuade us that the jury lost its way and created a manifest miscarriage of justice. We find the State presented sufficient evidence, and the appellant was not convicted against the manifest weight of the evidence.

**{¶59}** Accordingly, the appellant's second assignment of error is overruled.


**III.**

**{¶60}** In the appellant's third assignment of error, the appellant argues the trial court erred when it failed to merge the appellant's conviction for Theft with his Breaking and Entering conviction. We disagree.

**STANDARD OF REVIEW**

**{¶61}** Appellate review of an allied-offense question is de novo. *State v. Miku*, 2018-Ohio-1584, ¶70 (5th Dist.), citing *State v. Williams*, 2012-Ohio-5699, ¶12.

**ANALYSIS**

{¶62} R.C. 2941.25 protects a criminal defendant's rights under the Double Jeopardy Clauses of the United States and Ohio Constitutions by prohibiting convictions of allied offenses of similar import. It states:

(A)     Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B)     Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶63} The application of R.C. 2941.25 requires a review of the subjective facts of the case in addition to the elements of the offenses charged. *State v. Hughes*, 2016-Ohio-880, ¶22. In a plurality opinion, the Supreme Court of Ohio modified the test for determining whether offenses are allied offenses of similar import. *State v. Johnson*, 2010-Ohio-6314. The Court directed lower courts to look at the elements of the offenses in question and determine "whether it is possible to commit one offense and the other with the same conduct." *Id*. at ¶48. If the answer is in the affirmative, the court must then determine whether or not the offenses were committed by the same conduct. *Id*. at ¶49. If the answer to the above two questions is yes, then the offenses are allied offenses of similar import and will be merged. *Id*. at ¶50. If, however, the court determines that the

commission of one offense will never result in the commission of the other, or if there is a separate animus for each offense, then the offenses will not merge. *Id.* at ¶51. The "accused has the burden to demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without separate animus[.]" *State v. Rogers*, 2015-Ohio-2459, ¶3.

**{¶64}** The Supreme Court of Ohio has described *Johnson's* rationale as incomplete. *State v. Earley*, 2015-Ohio-4615, ¶11. The Court has further instructed courts to ask three questions when considering whether a defendant's conduct supports multiple offenses: "(1) Were the offenses dissimilar in import or significance? (2) Were they committed separately, and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered." *State v. Ruff*, 2015-Ohio-995, ¶31.

**{¶65}** The appellant argues that the convictions for Theft and Breaking and Entering should merge as they were part of the same course of conduct. However, this Court has previously found that those two offenses do not merge. *See State v. Cogar*, 2017-Ohio-1470, ¶18. Once the appellant entered into the pole barn with the intent of committing a theft offense, the Breaking and Entering was complete. Then the appellant was complicit with Chesser exerting control over the UTV. Furthermore, these convictions have two separate victims. C.D. owned the pole barn, the appellant was convicted of breaking and entering, and D.M., the owner of the UTV, was the victim of the theft offense.

**{¶66}** Therefore, we find the trial court did not err in failing to merge the appellant's conviction for Theft with the appellant's conviction for breaking and entering.

**{¶67}** The appellant's third assignment of error is overruled.

## CONCLUSION

{¶68} Based upon the foregoing, the decision of the Court of Common Pleas of Licking County, Ohio, is hereby affirmed.

{¶69} Costs to Appellant.

By: Baldwin, P.J.

King, J. and

Montgomery, J. concur.